340 F.2d 993
 COVEY OIL COMPANY, Valley Oil Company, Frank Ferguson, Fred Smith and Jack Wiles, Appellants,
v.
CONTINENTAL OIL COMPANY and Texaco, Inc., Appellees.
PYRAMID OIL COMPANY, Premium Oil Company and Quality Oil Company, Appellants,
v.
CONTINENTAL OIL COMPANY and Texaco, Inc., Appellees.
SLIM OLSON, INC., Appellant,
v.
CONTINENTAL OIL COMPANY and Texaco, Inc., Appellees.
 Nos. 7989-7991.
 United States Court of Appeals Tenth Circuit.
 January 21, 1965.
 Rehearing Denied March 2, 1965.
 Certiorari Denied April 5, 1965.
 
 See 85 S.Ct. 1110.
 Lynn S. Richards, Salt Lake City, Utah (Richard L. Bird, Jr., and M. Byron Fisher, Salt Lake City, Utah, were with him on the brief), for appellants in No. 7989.
 Louis H. Callister, Sr., Salt Lake City, Utah (Louis H. Callister, Jr., Salt Lake City, Utah, was with him on the brief), for appellants in No. 7990.
 George K. Fadel, Bountiful, Utah, filed a brief for appellant in No. 7991.
 Everett B. Clary, Los Angeles, Cal. (Brayton, Lowe & Hurley, John W. Lowe, Salt Lake City, Utah, A. T. Smith, Denver, Colo., O'Melveny & Myers, Henry C. Thumann, and Alan I. Rothenberg, Los Angeles, Cal., were with him on the brief), for appellee Continental Oil Co.
 George W. Jansen, Los Angeles, Cal., for appellee Texaco, Inc.
 Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 These appeals, which were considered on a consolidated record, relate to orders on motions to quash subpoenas duces tecum issued to non-party witnesses. The trial court modified the subpoenas by striking therefrom a requirement as to an identified category of information and otherwise denied the motions to quash.
 
 
 2
 The action was brought by Uinta Oil Refining Company and Utah Cooperative Association, which are not parties to these appeals, against Continental Oil Company and Texaco, Inc., appellees herein, to recover damages for alleged violations of §§ 1 and 2 of the Sherman Act[1] and of § 2(a), (d), and (e) of the Clayton Act as amended by the Robinson-Patman Price Discrimination Act.[2] Uinta and Utah Cooperative own a refinery in Colorado and market petroleum products in Utah. Continental and Texaco are major, integrated oil companies doing business in Utah.
 
 
 3
 The Sherman Act allegations of the complaint charge a conspiracy to restrain trade and an attempt to monopolize commerce in gasoline by controlling sources of supply, by fixing and maintaining wholesale and retail gasoline prices, and by suppressing competition of independent jobbers. The Robinson-Patman violations are said to consist of price discriminations which effect competition and tend to monopoly. The Continental answer denies these allegations and, as an affirmative defense to the Robinson-Patman charge, says that if there has been price discrimination, the lower price to any purchaser was made in good faith to meet an equally low price of a competitor or was in response to changing conditions affecting the gasoline market.
 
 
 4
 Continental caused subpoenas duces tecum to be served on the appellants and a number of other non-party witnesses who are independent oil marketers. The appellants moved to quash the subpoenas. After extensive hearings the trial court filed a comprehensive memorandum and ordered the production of information by the non-party witnesses relating to their purchase price of gasoline, their sale prices and gallonage of gasoline sold other than at retail, and the number and location of their service stations. Texaco has adopted and supports the position of Continental.
 
 
 5
 The threshold question is the jurisdiction of this court to review the order. Under 28 U.S.C. § 1291 the courts of appeals have jurisdiction "of appeals from all final decisions of the district courts of the United States."[3] Continental says that the order is interlocutory and not final.
 
 
 6
 Appellants recognize that generally the denial of a motion to quash a subpoena issued under Rule 45, F.R.Civ. P., is not appealable[4] because the order is interlocutory to the main litigation and the effect of the discovery will be determined at the trial; but they say that this rule does not apply when the subpoena is enforced against nonparty witnesses who will suffer irreparable harm from the enforced disclosures and who have no recourse other than appeal from the order itself.[5]
 
 
 7
 In Cobbledick v. United States, 309 U. S. 323, 60 S.Ct. 540, 84 L.Ed. 783, an appeal from the denial of a motion to quash a subpoena for appearance before a grand jury, the Supreme Court stated the general rule of unreviewability of interlocutory orders and the reasons therefor — principally the avoidance of piecemeal reviews of litigation. In so deciding the Court commented that due regard for efficiency in litigation must not go so far as to deny all opportunity for the review contemplated by the statutes.[6] This concept was enlarged in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 547, 69 S.Ct. 1221, 1225, 1226, 93 L.Ed. 1528, which recognized a small class of cases "which finally determine claims of right separable from, and collateral to, rights asserted in the action" and held an interlocutory order appealable "because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it."
 
 
 8
 Beneficial was followed in Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 688-689, 70 S.Ct. 861, 865, 94 L.Ed. 1206, where the Court held an interlocutory order appealable and said that in the circumstances of the case the provision for appeals only from final decision "should not be construed so as to deny effective review of a claim fairly severable from the context of a larger litigious process." The principle was again recognized in DiBella v. United States, 369 U.S. 121, 125, 82 S.Ct. 654, 657, 7 L.Ed.2d 614, where the Court said that "the concept of finality as a condition of review has encountered situations which make clear that it need not invite self-defeating judicial construction."
 
 
 9
 The threshold question of appealability is not to be decided by rote,[7] because cognizance must be given to the competing requirements of finality and fairness to the witness. Appellants say that the trial court's order will cause irreparable harm because the revelation of their trade secrets will destroy their businesses. This claim is without the mainstream of the litigation. Postponement of consideration might destroy the claimed right.[8] More importantly, the appellants, as nonparties to the main suit, will have no right of appeal from a judgment therein. The trial court's order, final as to these appellants, commands them to divulge the requested information. Such order is both collateral to the main suit and final as to these appellants. DiBella says[9] that the concept of finality must not be used to frustrate appellate review of an order collateral to the principal litigation "when the practical effect of the order will be irreparable by any subsequent appeal."
 
 
 10
 Severability of the appellants' claim from the issues presented by the plaintiffs and defendants must not be confused with relevance of the information sought by the subpoenas. In one instance the question is the right of protection against disclosure of alleged trade secrets. In the other the question is the pertinence of the information to main suit issues. Relevance will be determined in the trial of the main issues and the dissatisfied party will have the right of review. So far as the appellants are concerned the ultimate determination of relevance will be an "empty rite"[10] because the harm which they fear will have occurred.
 
 
 11
 We are not impressed with the argument of Continental that the appellants may obtain review by disobedience of the order and appeal from a subsequent adjudication of contempt. These non-party witnesses should not be required to expose themselves to the hazard of punishment in order to obtain a determination of their claimed rights.
 
 
 12
 What we have said does not mean that every order on a motion to quash a subpoena is appealable. Here we have a serious claim by non-party witnesses of a right to protection from the disclosure of trade secrets. Their claims are, in the language of Swift & Co. Packers v. Compania Colombiani Del Caribe,[11] "fairly severable from the context of a larger litigious process." The practical effect of the order will be irreparable by any subsequent appeal.[12] In our opinion the order is appealable.
 
 
 13
 The subpoena as limited by the court order requires the production of documents showing, for the state of Utah during a designated period:
 
 
 14
 "1. Actual purchase price of all gasoline purchased.
 
 
 15
 "2. Actual sales price of all gasoline sold other than at retail.
 
 
 16
 "3. Volume in gallons of gasoline sold each month segregated according to City, with separate figures for regular and premium.
 
 
 17
 "4. Number and location of service stations owned, operated or leased."
 
 
 18
 Rule 45(d) covers subpoenas for taking depositions and permits them to require the production of designated documents which are within the scope of the examination permitted by Rule 26(b), subject however to the provisions of Rule 30(b) and Rule 45(b). Rule 26(b) permits the examination of a deponent on any matter "which is relevant to the subject matter involved in the pending action." Rule 30(b) provides that "for good cause shown" the court may make any order "which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." Rule 45(b) authorizes the court to "quash or modify the subpoena if it is unreasonable and oppressive." Accordingly, if the documents are relevant and are sought for good cause they should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.[13]
 
 
 19
 Relevancy is shown. The complaint charges restraint of trade and monopoly in the fixing of gasoline prices and in the suppression of competition. Affidavits of some of the appellants establish that "fierce" competition pervades the Utah gasoline market; that appellants are "substantial competitors" of Continental; and that several of the appellants are supplied by major integrated oil companies which the complaint names as co-conspirators with Continental. The Robinson-Patman charge of price discrimination is met by the defense of a good faith effort to meet competition. Continental submitted proof that it was losing market position in Utah; that its management believed that its wholesale prices were above competitive levels; that competitive wholesale prices could not be obtained by estimates from observable retail price levels; and that from the available information it concluded that most independent service stations, including those supplied or operated by appellants, were being charged less for gasoline than Continental was charging its dealers. The wholesale price and volume of admitted competitors directly pertain to both the Sherman Act and the Robinson-Patman Act charges and to the defenses asserted against those charges.
 
 
 20
 Appellants insist that the good faith meeting competition defense is not available because of the decision in Federal Trade Commission v. Sun Oil Co., 371 U. S. 505, 83 S.Ct. 358, 9 L.Ed.2d 466. The cases are different. In Sun Oil an integrated supplier-dealer lowered its price to the lessee-operator of one of its stations so that he could meet the competition of another retailer. The court said[14] that Congress in passing the Robinson-Patman Act intended that "businessmen at the same functional level would start on equal competitive footing so far as price is concerned." The Sun Oil case dealt with different functional levels and the Court held that the good faith meeting competition defense was not available. In so doing the Court pointed out that the defense is usually available in a situation where one supplier reduces its prices and another supplier then reduces its prices to prevent its customer from shifting his business to the competing supplier.[15] In the case at bar Continental claims that the appellants are supplier-retailers and their competition with Continental is admitted.
 
 
 21
 We are dealing with a preliminary matter — the right to take depositions and to force the production of documents. The showing of Continental is of competition in the area of the charges made in the complaint and of operations at the same functional level. In these circumstances the good faith meeting competition defense is available under § 2(b) of the Robinson-Patman Act. Additionally, we believe that the showing is sufficient under the Sherman Act charges of restraint of trade and monopoly by fixing gasoline prices and suppressing competition of independent jobbers. Exploration into the businesses of admitted rivals may well reveal the validity or invalidity of the charge of competition suppression.
 
 
 22
 In holding that the material sought by the subpoenas is relevant to the issues of the case we express no opinion as to whether any evidence so produced will be admissible at the trial or, if admissible, what its effect will be. Such determinations are not appropriate at this stage of the case.
 
 
 23
 The evidence sought has substantial value because it is relevant and vital to the defenses asserted. The fact that it might be obtained, at least in part, from others has no pertinence because a person may not avoid a subpoena by saying that the evidence sought from him is obtainable from another. The argument that Continental knows the appellants' retail prices, which are posted in public view, means nothing because Continental asserts that competition exists at the wholesale level.
 
 
 24
 Appellants say that if Continental did not know the wholesale prices, it may not rely on them to support a meeting competition defense. The test is not actual knowledge but "the existence of facts which would lead a reasonable and prudent person to believe that the granting of a lower price would in fact meet the equally low price of a competitor."[16] Continental says that it had reason to believe that it was meeting a lower price and that it acted on the best available information. The reasonableness of Continental's action can best be shown by the production of the competitive prices.
 
 
 25
 Enough has been said to dispose of the argument that Continental has failed to show good cause. The burden of so showing is sustained by proof of relevance and need.[17] The cases relied on by appellants are not apposite. In neither Hartley Pen Co. v. United States District Court, 9 Cir., 287 F.2d 324, nor United States v. Serta Associates, Inc., N.D.Ill., 29 F.R.D. 136, was relevancy established.
 
 
 26
 Appellants contend that general relevancy is not sufficient to require a nonparty witness to divulge trade secrets. The claimed trade secrets do not relate to processes, formulas, or methods but rather to price, cost, and volume of sales of gasoline. The argument is that the disclosure of this information will enable Continental and others to destroy appellants' businesses because the integrated companies can lose money in marketing and still show an over-all profit while the small independents, such as appellants, cannot do so. The position is based on the fact that Continental and appellants compete in the wholesale market. No absolute privilege protects the information sought here from disclosure in discovery proceedings.[18] The claim of irreparable competitive injury must be balanced against the need for the information in the preparation of the defense. Judicial inquiry should not be unduly hampered. Inconvenience to third parties may be outweighed by the public interest in seeking the truth in every litigated case.[19] The balancing demands the exercise of a sound discretion by the trial court.
 
 
 27
 In the case at bar the trial court reasonably concluded that the interests of justice require the enforcement of the subpoenas. With great care it imposed conditions designed to protect appellants. The documents were made available only to counsel and independent certified public accountants and only for the purposes of the case. The court forbade the use of the material "for business or competitive purposes." The right to presence at the depositions was limited. The documents and depositions were to be held by the clerk under seal with access thereto only upon order of the judge. The right to further protective orders upon an appropriate showing was specifically recognized.
 
 
 28
 In our opinion the actions of the trial court display a sound exercise of discretion. The need for the information is held paramount but reasonable protective measures are supplied to minimize the effect on the appellants. We are concerned with preliminary matters. If the information obtained is pertinent to the antitrust charges and defenses which arise from the Utah gasoline price wars, that information should be available at the trial. Harm may result to some of the appellants but that harm will be a by-product of competition.[20] Certain it is that in this preliminary matter we "can neither eliminate nor mitigate the major economic forces which are productive of these price wars."[21] All questions of the admissibility and effect of the information obtained through the discovery proceedings discussed herein are left for determination at the trial on the merits
 
 
 29
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 15 U.S.C. §§ 1, and 2
 
 
 [2]
 15 U.S.C. § 13(a), (d), and (e)
 
 
 [3]
 28 U.S.C. § 1292 relating to appeals from certain interlocutory orders is not applicable and no effort is made to sustain jurisdiction under that section
 
 
 [4]
 See 5 Moore, Federal Practice 1726 (2d ed.)
 
 
 [5]
 Our recent decision in Paramount Film Distrib. Corp. v. Civic Center Theatre, 10 Cir., 333 F.2d 358, has no application because there the complaints against discovery were made by parties to the litigation
 
 
 [6]
 309 U.S. 323, 329, 60 S.Ct. 540
 
 
 [7]
 Horizons Titanium Corp. v. Norton Co., 1 Cir., 290 F.2d 421, 423
 
 
 [8]
 See Lee v. Western Wool Processors, Inc., 10 Cir., 313 F.2d 13, 15, certiorari denied 374 U.S. 806, 83 S.Ct. 1695, 10 L.Ed.2d 1031
 
 
 [9]
 369 U.S. 121, 126, 82 S.Ct. 654, 657
 
 
 [10]
 See Swift & Co. Packers v. Compania Colombiani Del Caribe, 339 U.S. 684, 689, 70 S.Ct. 861
 
 
 [11]
 339 U.S. 684, 689, 70 S.Ct. 861, 865
 
 
 [12]
 DiBella v. United States, 369 U.S. 121, 125, 82 S.Ct. 654
 
 
 [13]
 Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654, 659
 
 
 [14]
 371 U.S. 505, 520, 83 S.Ct. 358, 367
 
 
 [15]
 The Court said, 371 U.S. 505, 512, 83 S.Ct. 358, 363, n. 7, that if Super Test, the retail competitor of Sun's dealer, were "an integrated supplier-retailer, or that it had received a price cut from its own supplier — presumably a competitor of Sun — we would be presented with a different case, as to which we herein neither express nor intimate any opinion."
 
 
 [16]
 Federal Trade Commission v. A. E. Staley Mfg. Co., 324 U.S. 746, 759-760, 65 S.Ct. 971, 977, 89 L.Ed. 1338. See also Forster Mfg. Co. v. Federal Trade Commission, 1 Cir., 335 F.2d 47, 56
 
 
 [17]
 See Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654, 659
 
 
 [18]
 See 4 Moore, Federal Practice 1288-1289 (2d. ed.)
 
 
 [19]
 United States v. Lever Bros. Co., S.D. N.Y., 193 F.Supp. 254, 257-258, appeal dismissed 371 U.S. 207, 83 S.Ct. 207, 9 L.Ed.2d 269, motion for leave to file petition for certiorari denied 371 U.S. 932, 83 S.Ct. 310, 9 L.Ed.2d 272
 
 
 [20]
 In H.R.Rep. No. 1422, 81st Cong., 1st Sess. 5-6, quoted in Sun Oil decision, 371 U.S. 505, 519, 83 S.Ct. 358, 366, it is said that: "In any competitive economy we cannot avoid injury to some of the competitors."
 
 
 [21]
 371 U.S. 505, 525, 83 S.Ct. 358, 370