641 F.2d 821
 UNITED STATES of America, Plaintiff-Appellee,
v.
James FEENEY, Defendant.
John C. White, Intervenor-Appellant.
John C. WHITE, Petitioner,
v.
Honorable Fred M. WINNER, United States Chief District Judge
for the District of Colorado, Respondent.
 Nos. 80-2211, 80-2206.
 United States Court of Appeals,
Tenth Circuit.
 Argued Dec. 15, 1980.
Decided Jan. 21, 1981.
 
 Susan R. Roberts, Asst. U. S. Atty., Denver, Colo. (Irvin B. Nathan, Deputy Asst. Atty. Gen., Washington, D. C., and Joseph F. Dolan, U. S. Atty., Denver, Colo., with her, on brief), for the United States of America.
 Stuart F. Pierson (James F. Hibey, Washington, D. C., with him, on brief), of Verner, Liipfert, Bernhard & McPherson, Washington, D. C. (Coghill & Goodspeed, Denver, Colo., of counsel), for John C. White.
 Daniel J. Sears, Denver, Colo., for James Feeney.
 Before BARRETT, DOYLE and McKAY, Circuit Judges.
 BARRETT, Circuit Judge.
 
 
 1
 These are companion cases to United States v. Winner, 641 F.2d 825 (10th Cir. No. 80-2154), decided today. They present questions concerning the validity of a denial of John C. White's motion to quash the execution of a subpoena duces tecum.
 
 
 2
 Following the District Court's grant of Feeney's post-trial motion for disclosure, the Denver Post published a lengthy article entitled "Dems' Chief Named in Libya-Plot Tapes." Denver Post, September 28, 1980. The article reported that White, chairman of the Democratic National Committee, played a key role in the bribery scandal as an intermediary for the White House. The article made it clear that its reporter had personally examined the Feeney tapes.
 
 
 3
 In response to the article, White filed a motion in the District Court requesting intervention and "(a) ... equal access to written materials and tape recordings disclosed to the press in this case on and after September 17, 1980, and (b) limiting further access to such materials to those entities, and in such circumstances, as are necessary to serve the interest of justice ..." United States v. Krown, No. 80-CR-54 (D.Colo., filed February 22, 1980) (motion of third party John C. White for a protective order). After an extensive hearing, it became apparent that no disclosure of materials had been made by Feeney, his counsel or the Court. White's motion to withdraw his request for a protective order was granted. He remained, however, a party intervenor.
 
 
 4
 On October 20, 1980, the District Court ordered Assistant Attorney General Heymann, Assistant United States Attorney Levites and Investigator Doonan to testify at post-conviction proceedings. Deputy Attorney General Renfrew was also ordered to appear and personally invoke the Government's privilege not to reveal certain sensitive information.
 
 
 5
 In connection with these proceedings, White was subpoenaed to appear before the Court on November 13, 1980 and produce:
 
 
 6
 all telephone toll records for telephones regularly utilized by you from January 1, 1979, through January 30, 1980; all records reflecting trips to the Bahamas from January 1, 1979 through January 30, 1980, including but not limited to plane ticket stubs, hotel or motel statements or receipts, credit card statements or invoices; and any writings or recordations in any form pertaining to contacts with Robert Vesco, Norman LaBlanc, James Day or Mansur Kakhia or the Libyan Embassy during 1979.
 
 
 7
 United States v. Krown, supra (subpoena duces tecum issued November 13, 1980).
 
 
 8
 White's counsel agreed to accept service of the subpoena in exchange for a written description of the areas of intended inquiry. In a letter dated October 30, 1980, Feeney's counsel identified the areas as follows:
 
 
 9
 As agreed on the phone, I hereby advise you and your client that the areas I expect to cover during questioning include the following:
 
 
 10
 1. the identity of persons who advised him that he is not a target of the investigation being conducted in the Southern District of New York as represented in his Motion of third-party John C. White for a Protective Order filed in the above action on October 1, 1980, and when such representations were made.
 
 
 11
 2. the identity of those persons who he charged were intending to compromise him and his reputation in his October 1 motion.
 
 
 12
 3. the substance of his discussions with James Day and Mansur Kikhia on June 20, 1979, at the Sky Terrace Restaurant, Washington Hotel.
 
 
 13
 4. the nature of any contacts with Robert Vesco, James Day, or Norman LaBlanc from January 1, 1979 to January 15, 1980.
 
 
 14
 5. the full extent of his knowledge of Libyan efforts to secure the release of certain aircraft during 1979.
 
 
 15
 (Letter from Daniel J. Sears to Stuart F. Pierson, October 30, 1980).
 
 
 16
 On October 28, the Government petitioned for a writ of mandamus seeking an order compelling the District Court to vacate orders commanding the presence of Deputy Attorney General Renfrew and Assistant Attorney General Heymann at the post-conviction proceedings. United States v. Winner, supra. We issued a temporary stay of the District Court's order in that case and expedited consideration of the issues presented.
 
 
 17
 On November 7, 1980, White moved to quash the subpoena duces tecum on the grounds that: his testimony was irrelevant to the issues before the District Court; he should not be compelled to testify while the Libyan plane investigation continued, and the more appropriate source of such information was the Government. Chief Judge Winner denied the motion by a memorandum order filed November 10, 1980.
 
 
 18
 The following day, White noticed an appeal in this court, and alternatively petitioned for mandamus to require vacation of that order. On November 12, we granted White's request for a temporary stay of the order requiring his appearance.
 
 Jurisdiction
 
 19
 The threshold question is whether the District Court's order denying White's motion to quash enforcement of the subpoena duces tecum and ordering his appearance is reviewable. We hold that it is not.A.
 
 
 20
 As an initial matter, Feeney argues that the District Court improperly allowed the intervention of White. Generally, "persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders." United States v. RMI Co., 599 F.2d 1183, 1186 (3d Cir. 1979). Under the circumstances presented here, this rule applies. Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).
 
 
 21
 White's intervention was to protect himself from "disclosure of accusations made against him before the grand jury." Douglas Oil v. Petrol Stops Northwest, supra, 441 U.S. at p. 218 n. 8, 99 S.Ct. at 1672 n. 8. As such, he had standing to object to any disclosure, Warth v. Seldin, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975) and the right to intervene to protect his interests. Once White's motion for a protective order was withdrawn, however, he retained no legally cognizable interest in the proceedings and should have been dismissed as a party.[1]
 
 B.
 
 22
 Both the Government and Feeney contend that we have no jurisdiction to review, in an appellate setting, the District Court's order denying White's motion to quash. Title 28 U.S.C. § 1291 provides for appeal only "from all final decisions of the district courts," except where direct appeal to the Supreme Court is provided. This requirement promotes judicial efficiency and "embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." United States v. Nixon, supra, 418 U.S. at 690, 94 S.Ct. at 3098-3099; United States v. MacDonald, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978) (denial of motion to dismiss indictment on speedy trial grounds not appealable order).
 
 
 23
 The Supreme Court has consistently held "an order denying a motion to quash and requiring the production of evidence pursuant to a subpoena duces tecum ... is not final and hence not appealable." Id. 418 U.S. at p. 691, 94 S.Ct. at 3099. The subpoenaed party is put to the "choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of an adjudication of contempt if his claims are rejected on appeal." United States v. Ryan, 402 U.S. 530, 533, 91 S.Ct. 1580, 1582, 29 L.Ed.2d 85 (1971).
 
 
 24
 Recognizing these precedents, White seeks refuge under Perlman v. United States, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950 (1918) and our decision in Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir. 1965), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965). In Perlman, the subpoena was directed to a third party demanding the production of documents owned by the appellant. The order denying the motion to quash enforcement of the subpoena was held immediately appealable because the third party would not risk a contempt citation to preserve the appellant's claim of privilege. The subpoena here is directed to White, not a third party. Perlman is inapposite. See generally, In re Grand Jury, 619 F.2d 1022 (3d Cir. 1980).
 
 
 25
 In Covey Oil Co. v. Continental Oil Co., supra, we recognized an exception to the finality requirement allowing appeal where the order is collateral, separable from the main litigation, and related to an injured non-party. Under Covey, however, appeal is allowed only "(w)hen and if a subsequent order of the court imposes a harmful sanction." Arthur Andersen & Co. v. Finesilver, 546 F.2d 338, 342 (10th Cir. 1976), cert. denied, 429 U.S. 1096, 97 S.Ct. 1113, 51 L.Ed.2d 543 (1977). No sanctions have been imposed here by the District Court. As such, the appeal is premature. In re Westinghouse Electric Corp., 563 F.2d 992, 995 n. * (10th Cir. 1977).[2]
 
 
 26
 The District Court's denial of the motion to quash is not appealable. The appeal in United States v. Krown, No. 80-2211 is dismissed.
 
 C.
 
 27
 As an alternative to appellate jurisdiction, White and the Government contend that review is available under the All Writs Act, 28 U.S.C. § 1651(a).
 
 
 28
 We have held today in United States v. Winner, supra, that mandamus is available to review orders compelling the production of documents or testimony claimed to be privileged in certain extraordinary situations. The power to issue extraordinary writs exists, and will be exercised by this Court in its discretion, only where exceptional circumstances demand its use. Kerr v. United States District Court, 426 U.S. 394, 402-403, 96 S.Ct. 2119, 2123-2124, 48 L.Ed.2d 725 (1976). "A judicial readiness to issue the writ of mandamus in anything less than an extraordinary situation would run the real risk of defeating the very policies sought to be furthered by ... Congress." Id. at p. 403, 96 S.Ct. at p. 2124. Even though hardship may result, extraordinary writs are not substitutes for appeal. Bankers Life and Casualty Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953).
 
 
 29
 If White believes the subpoena duces tecum is invalid, he must risk contempt and appeal from that citation should it be imposed.[3] The petition for writ of mandamus in White v. Winner, No. 80-2206, is dismissed. The temporary stay previously granted by this Court is dissolved.
 
 
 30
 DISMISSED.
 
 
 
 [1]
 White's subsequent limited appearance on the motion to quash was, however, procedurally permissible
 
 
 [2]
 The viability of Covey Oil Co. v. Continental Oil Co., 340 F.2d 993 (10th Cir. 1965), cert. denied, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965) has been questioned. See 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3914 p. 575 n. 17 (1976 and 1979 Supp.)
 
 
 [3]
 The District Court stated in its November 10, 1980 order that if White "is ever held in contempt by me for refusing to obey any order which may issue directing him to answer a question, I shall stay enforcement of any order for punishment for contempt pending final judgment in the appellate courts." United States v. Krown, supra (Memorandum Opinion, November 10, 1980)