**CENTURION INDUSTRIES, INC. and Eric F. Burtis, Plaintiffs-Appellees,**

v.

**WARREN STEURER AND ASSOCIATES and Instructional Materials and Equipment Distributors, Defendants,**

**Cybernetic Systems, Inc., a New Mexico corporation, Deponent-Appellant.**

**No. 79–2176.**

United States Court of Appeals, Tenth Circuit.

Submitted May 12, 1981.

Decided Dec. 2, 1981.

Harold E. Wurst of Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst, Los Angeles, Cal., for deponent-appellant.

Francis A. Utecht and Charles H. Thomas of Fulwider Patton Rieber Lee & Utecht, Long Beach, Cal., and Donald B. Moses of Moses, Dunn, Beckley, Espinosa & Tuthill, Albuquerque, N. M., for plaintiffs-appellees.

Before SETH, Chief Judge, SEYMOUR, Circuit Judge, and BOHANON,* District Judge.

SEYMOUR, Circuit Judge.

Cybernetic Systems, Inc. (Cybernetic), a nonparty witness in a patent infringement action, appeals from an order of the United States District Court of New Mexico, requiring it to disclose certain computer software trade secrets to Centurion Industries, Inc. and Eric F. Burtis (hereinafter together referred to as "Centurion").[1] Cybernetic argues that Centurion has not met its burden of proof showing that Cybernetic's trade secrets are relevant and necessary to the patent suit. We disagree and affirm the order of the district court.

Cybernetic is a manufacturer of electronic "teaching machines" used in arithmetic instruction. The Cybernetic products randomly generate two numbers which are displayed to a student along with instructions as to how the numbers are to be added, subtracted, multiplied or divided. The student mentally computes an answer to the displayed problem and inserts his answer through the machine's keyboard. The teaching machine compares the student's answer with the correct answer computed by the machine, and then advises the student whether his answer is correct.

Almost all functions of the Cybernetic teaching machines are controlled by a miniature programmed computer, a standard electronic product purchased by Cybernetic. This miniature computer, referred to in the computer industry as "hardware," must be programmed by its user to perform the desired tasks. In computer industry parlance, such programs are known as "software." Cybernetic itself created the software or program used in its purchased miniature computers, and claims that the software constitutes a trade secret.

Centurion owns a patent for a "teaching device having [the] means [for] producing a self-generated program,"[2] Rec., vol. I, at 71, which it claims is infringed by the Cybernetic teaching machines. Centurion brought a patent infringement action in the United States District Court for the Central District of California.

Cybernetic is not a party to that action,[3] but its deposition was noticed in New Mexico by Centurion pursuant to Fed.R.Civ.P. 30(b)(6). The notice required production of certain documents from Cybernetic's files. Following the service of an appropriate subpoena and the designation of a witness by

---

* Honorable Luther Bohanon, District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

1. Jurisdiction is based upon 28 U.S.C. § 1291 as an appeal from a final order requiring a nonparty witness to grant discovery of asserted trade secrets within the meaning of *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 995–97 (10th Cir. 1965).

2. Patent No. 3,584,398.

3. Cybernetic was originally joined as a defendant in the action in the Central District of California, but was dismissed for lack of personal jurisdiction. The defendants are either both customers of Cybernetic, or one is a Cybernetic manufacturer's representative and the other is a customer. *See* Appellant's Brief at 3; Appellee's Brief at 2.

Cybernetic, Cybernetic filed a Notice of Objection to Subpoena under Fed.R.Civ.P. 45(d)(1), protesting discovery of materials listed in the notice and subpoena concerning software or programming information.

In response to Cybernetic's Rule 45(d) objection, Centurion filed a motion to compel production of the software information in the District Court for the District of New Mexico. The United States Magistrate ruled in favor of Centurion, issuing an order: (1) requiring Cybernetic to disclose its software information; and (2) requiring Centurion to abide by the conditions of a protective order restricting use of the trade secrets. On review, the district court affirmed the magistrate's order.

## I.

"Rule 45(d) covers subpoenas for taking depositions and permits them to require the production of designated documents which are within the scope of the examination permitted by Rule 26(b)," *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 997 (10th Cir.), *cert. denied*, 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965), subject to the provisions of Rules 26(c)(7) and 45(b). Rule 26(b)(1) allows a party to examine a deponent concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Rule 26(c)(7) states that the court may "for good cause shown [4] ... make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden ... including ... that a trade secret ... not be disclosed or be disclosed only in a designated way." Rule 45(b)(1) authorizes the court to "quash or modify the subpoena if it is unreasonable and oppressive...."

"[T]here is no absolute privilege for trade secrets and similar confidential information." *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2043 at 300 (1970)); *Covey Oil Co.*, 340 F.2d at 999; 4 J. Moore, *Federal Practice* ¶ 26.60[4] at 26–242 (1970). To resist discovery under Rule 26(c)(7), a person must first establish that the information sought is a trade secret [5] and then demonstrate that its disclosure might be harmful. 8 C. Wright, *supra*, § 2043 at 301. If these requirements are met, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action. *Id.* at 301–02; *Hartley Pen Co. v. United States District Court*, 287 F.2d 324, 331 (9th Cir. 1961). The district court must balance the need for the trade secrets against the claim of injury resulting from disclosure. [6] *Covey Oil Co.*, 340 F.2d at 999. If proof of relevancy or need is not established, discovery should be denied. *See id.* at 998–99; *Cleo Wrap Corp. v. Elsner Engineering Works,*

---

4. By demonstrating that trade secrets were "relevant and necessary," a party seeking discovery of trade secrets satisfied the "good cause" requirement under the old protective order Rule 30(b), Fed.R.Civ.P. 30(b). *Covey Oil Co.*, 340 F.2d at 998.

    "Until 1970 Rule 30(b) allowed a protective order that 'secret processes, developments, or research need not be disclosed.' This was broadened in the 1970 amendments and the corresponding provision in Rule 26(c)(7) is that 'a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way.'"

8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2043 at 300 (1970). We conclude that the "good cause" requirement of Rule 26(c)(7), fashioned from the old Rule 30(b), is also satisfied by proof of "relevance and need."

5. It is undisputed that Cybernetic's software contains trade secrets.

6.   "The need for accommodation between protecting trade secrets, on the one hand, and eliciting facts required for full and fair presentation of a case, on the other hand, is apparent. Whether disclosure should be required depends upon a weighing of the competing interests involved against the background of the total situation, including consideration of such factors as the dangers of abuse, good faith, adequacy of protective measures, and the availability of other means of proof."

Advisory Committee Note to Rule 5–08 of the proposed Federal Rules of Evidence, 46 F.R.D. at 271.

*Inc.*, 59 F.R.D. 386, 388 (M.D.Pa.1973); *Hartley Pen Co.*, 287 F.2d at 330–31. On the other hand, if relevancy and need are shown, the trade secrets should be disclosed, unless they are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing. *Covey Oil Co.*, 340 F.2d at 997–98.

▉ It is within the sound discretion of the trial court to decide whether trade secrets are relevant and whether the need outweighs the harm of disclosure. Likewise, if the trade secrets are deemed relevant and necessary, the appropriate safeguards that should attend their disclosure by means of a protective order are also a matter within the trial court's discretion. We may only reverse the district court if it has abused its discretion. *See E. I. Du Pont de Nemours Powder Co. v. Masland*, 244 U.S. 100, 103, 37 S.Ct. 575, 576, 61 L.Ed. 1016 (1917); *Ryan v. Hatfield*, 578 F.2d 275, 276 (10th Cir. 1978); *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433 (10th Cir. 1977); *Covey Oil Co.*, 340 F.2d at 999; *Hartley Pen Co.*, 287 F.2d at 324; *Aluminum Co. of America v. United States Department of Justice, Antitrust Division*, 444 F.Supp. 1342, 1347 (D.D.C.1978); 8 C. Wright, *supra*, § 2043 at 302 & n.23, 303 & n.24, 305.

## II.

▉ Cybernetic contends that Centurion, the party seeking discovery, has failed to discharge its burden of demonstrating that Cybernetic's software trade secrets are relevant and necessary to the patent infringement action before us. We disagree.

Fed.R.Civ.P. 26(b)(1) states that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Thus, relevancy is construed more broadly during discovery than at trial. *See* 8 C. Wright, *supra*, § 2008 at 41; *Flour Mills of America, Inc. v. Pace*, 75 F.R.D. 676, 680 (D.Okl.1977).

Centurion's basic position is that information about Cybernetic's software is both relevant and necessary to determine if the teaching machines infringe its patent. From the defendants' response to interrogatories in the original action, it appears that the defendants' experts will have access to Cybernetic's software and will use their knowledge of the software and other operating details of the teaching devices to testify that Centurion's patent has not been infringed. We conclude from a reading of the record that the district court did not abuse its discretion in deciding that the technical operating details of the teaching devices, including the software, are relevant and necessary to the resolution of this patent suit. The information appears needed to provide a basis for Centurion's experts to adequately form an opinion of infringement and to rebut any assertions of noninfringement in the action. Although Centurion could have been more precise in articulating why the information was relevant, we believe a sufficient showing has been made to meet the broad relevancy standard in discovery matters.

## III.

In trade secret discovery battles, "[t]he claim of irreparable competitive injury must be balanced against the need for the information in the preparation of the defense." *Covey Oil Co.*, 340 F.2d at 999. In the case at bar, we believe that enforcement of the subpoenas is reasonable: the need for the information outweighs the possible injury to Cybernetic, and the lower court issued a carefully fashioned protective order to guard against improper disclosure of the secrets.[7] In our opinion the trial

---

7. The district court upheld the magistrate's order, which provides that:

"Cybernetic Systems, Inc. shall with [*sic*] twenty (20) days of the entry of this Order produce at its place of business in Albuquerque, New Mexico, to Charles H. Thomas, attorney for plaintiffs, all writings and materials relating to software or programming information of all its Mathiputer Learning Systems and shall immediately thereafter give deposition testimony concerning the technical operating details of such Systems.

"The information obtained shall be treated as confidential by counsel for plaintiffs and

court displayed a sound exercise of discretion.

The decision of the district court is affirmed.

used only for purposes of litigation in the United States District Court for the Central District of California, 76–2628–HP.

"The attendance at the production and deposition shall be limited to the deponent, court reporter, counsel for plaintiffs, and counsel for Cybernetic Systems, Inc.

"Disclosure of the information obtained shall be limited to United States Federal Courts, plaintiffs' counsel and, [sic] plaintiffs' experts employed to testify in the action, provided Cybernetic Systems, Inc. be notified in writing by plaintiffs' counsel at least twenty (20) days prior to such disclosure of the names and addresses of such experts, and the date and place of such disclosure.

"The transcript of the deposition shall remain sealed.

"Cybernetic Systems, Inc. shall be notified by plaintiffs in writing at least twenty (20) days prior to plaintiffs [sic] tender of any of the materials obtained pursuant to this Order, into evidence, other than in closed session of a United States Federal Court.

"Plaintiffs and Cybernetic Systems, Inc. shall pay their respective costs incurred in connection with the depositions and this Motion."

Rec., vol. I, at 170–71.

The district court noted that "[w]ith the exception of the right to further protective orders, all the limitations in *Covey Oil* . . . were applied in this case." *Id.* at 265.