**UNITED STATES COURT OF APPEALS**
**Filed 4/16/96**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,               No. 95-6275

        v.                        W.D. Oklahoma

ROY W. COLLINS,               (D.C. No. CR-89-45-A)

        Defendant,

_____

JEFFREY A. DICKSTEIN,

        Attorney - Appellant.

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, McKAY,** and **MURPHY**, Circuit Judges.

---

By an order dated June 7, 1989, supplemented on July 5, 1989, the district court revoked Jeffrey A. Dickstein's pro hac vice status in the case of <u>United States v. Collins</u>, CR-89-45-A. Subsequently, the <u>Collins</u> case was tried, and Mr. Collins was convicted on December 7, 1989. He timely appealed and we affirmed. <u>United States v. Collins</u>, 920

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the 10th Cir. R. 36.3.

F.2d 619 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991). Mr. Dickstein did not join or attempt to join that appeal, or appeal separately, for the purpose of contesting the sanctions orders entered against him in the Collins case. Cf. United States v. Dickstein, 971 F.2d 446, 451-52 (10th Cir. 1992) (outlining existing law requiring sanctions orders, including revocation of pro hac vice status, to be appealed at the conclusion of the case). Thus, the Collins case and its underlying orders became final and not subject to further appeal.

Now, approximately five and one-half years after the Collins conviction, Mr. Dickstein seeks to challenge the district court's 1989 sanctions. Mr. Dickstein invokes the All Writs Act, 28 U.S.C. § 1651, contending that the court's 1989 orders were void because the district court lacked jurisdiction to issue them. It allegedly lacked jurisdiction because it failed to follow the local rules of court. Appellant's Opening Br. at 7.

Section 1651 may not be used as a substitute for appeal. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383 (1953) ("[I]t is established that the extraordinary writs cannot be used as substitutes for appeals . . . ."); United States v. Feeney, 641 F.2d 821, 825 (10th Cir. 1981) ("Even though hardship may result, extraordinary writs are not substitutes for appeal."). And, writs are issued under the authority of that section only in extraordinary circumstances and only where no other adequate means exist for obtaining relief. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34-36 (1980) (per curiam).

Mr. Dickstein does not dispute the fact that the sanctions orders in question were appealable upon Collins' conviction.  Nor does he dispute the fact that the issues he raises now (failure to follow local rules, etc.) could have been raised by way of such appeal.

Rather, he contends that he "could not appeal because the time for filing the appeal ran before [he] was provided any notice that the time to file an appeal had begun to run." Appellant's Reply Br. at 9.  And, he "was denied the opportunity to join in defendant Collins' appeal because he was denied any notice whatsoever -- a denial of fundamental constitutional protection." Id.  Enlarging on the argument, he states:

> [O]nce [Dickstein] was removed from the case, he never received any subsequent notices from the District Court, including notice that defendant Roy Collins was convicted.  It is apparently standard practice of the District Court not to keep a disqualified attorney apprised of the date of the defendant's conviction.  This practice creates a gap in the system's protection where important constitutionally protected property rights of the disqualified attorney are at stake.  See Davis v. United States, 464 F.2d 1009, 1014 (6th Cir. 1972).  In failing to provide Dickstein notice that his time to appeal had started to run, Dickstein was denied due process of law. See United States v. Mendoza-Lopez, 481 U.S. 828 (1987).  Thus, Dickstein never waived anything; the denial of due process prevented Dickstein from having notice.  In the absence of notice, there can be no waiver.

Id. at 8 (emphasis added).

The argument that the district court had a constitutional obligation to inform Mr. Dickstein when his appeal time began to run on a sanction order is meritless, as are Mr. Dickstein's references to two wholly inapposite cases, and Fed. R. Crim. P. 32 (a)(2) (now, Fed. R. Crim. P. 32 (c)(5) (providing that at sentencing a defendant must be

advised by the court of his <u>right</u> to appeal, and <u>if the defendant requests,</u> the clerk must prepare and file a notice of appeal on behalf of the defendant)).  We reject Mr. Dickstein's attempt to use § 1651 to collaterally attack the final orders revoking his pro hac vice status in <u>Collins</u>.

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge