**UNITED STATES COURT OF APPEALS**
**Filed 11/6/96**
**TENTH CIRCUIT**

SECURITIES AND EXCHANGE COMMISSION,

    Petitioner-Appellee,

v.

KEVIN ORTON,

    Respondent-Appellant.

ROGER GREER,

    Respondent.

No. 96-4052
(D.C. No. 96-CV-41-C)
(D. Utah)

## ORDER AND JUDGMENT[*]

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The district court entered an order compelling Mr. Orton to comply with an administrative subpoena duces tecum issued by the Securities and Exchange Commission. Mr. Orton appeals, and we affirm the order of the district court.

The significant facts are simple and uncontested. In 1992, the Commission staff reported to the Commission it had information tending to show that during the period from September 1989 through January 1992, PanWorld Minerals International, Inc., violated the antifraud provisions of the federal securities laws by, among other things, filing financial statements with the Commission that falsely valued the company's assets and fraudulently misstated its financial condition. The Commission in January 1992 issued a formal order of investigation concerning PanWorld Minerals International, Inc. During the course of the investigation, the Commission developed concerns about PanWorld's 1994 financial statements. Mr. Orton audited the allegedly false 1994 financial statements. In 1995, the Commission's staff issued a subpoena to Mr. Orton requiring him to produce his audit work papers and other documents relating to his audit of the 1994 financial statements. Mr. Orton did not comply with the subpoena. The Commission then applied to the district court for an order requiring compliance with the subpoena.

Mr. Orton argued to the district court that the Formal Order issued by the Commission authorized an investigation only of the events from 1989 through the issuance of the order in 1992. Stated differently, Mr. Orton argued the documents sought (the work papers pertaining to the 1994 audit) were not relevant to the subject matter of the investigation authorized by the Commission's 1992 Formal Order. The district court disagreed with Mr. Orton and ordered compliance.

Mr. Orton complied with the order of the district court and then appealed from the district court's order, apparently seeking the return or the destruction of the documents.[1]

Mr. Orton raised three issues, which we restate simply by asking if the district court abused its discretion by ordering Mr. Orton to comply with the subpoena. *See Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993, 999 (10th Cir.), *cert. denied*, 380 U.S. 964 (1965).

---

[1] Mr. Orton's production of the documents does not moot his appeal. *See Church of Scientology v. United States*, 506 U.S. 9, 13 n.6 (1992), holding a case such as this is not moot as the court has the power to order an agency to return or destroy any copies of subpoenaed materials it may have in its possession.

The record on appeal shows the Commission issued the subpoena pursuant to a Formal Order of Investigation, which authorized an investigation into, *inter alia*, possible securities fraud in connection with audited financial statements filed with the Commission. The Formal Order recited various acts and practices occurring between audited financial statements filed with the Commission. The Formal Order recited various acts and practices occurring between 1989 and 1992 as a basis for authorizing an investigation, and it authorized the Commission to investigate whether the company or any persons connected with it, or any other person "have engaged, or are about to engage, in any of the reported acts or practices or in any acts or practices of similar purport or object."

For the Commission's subpoenas to be judicially enforced, it must show its "inquiry is not too indefinite, is reasonably relevant to an investigation which the agency has authority to conduct, and all administrative prerequisites have been met." *SEC v. Blackfoot Bituminous, Inc*., 622 F.2d 512, 514 (10th Cir.), *cert. denied*, 449 U.S. 955 (1980).

Mr. Orton challenges the subpoena on only one ground -- whether the documents are relevant to the subject matter of the investigation authorized by the

Formal Order. We therefore ask whether the documents "are reasonably relevant" to its investigation.

Because the Commission was concerned that in PanWorld's 1994 financial statements it was using the same inappropriate method of valuing assets as on the 1992 financial statements, the documents sought in the subpoena relate to an investigation of "acts or practices of similar purport or object" to acts in 1992. As a result, Mr. Orton's 1994 audit documents are reasonably relevant to an investigation the Commission has authority to conduct. The documents are also relevant to the financial statement specifically mentioned in the 1992 order as one of the factors that affects whether injunctive relief is warranted is whether the misconduct is an isolated occurrence or recurrent. The Supreme Court has held that administrative agencies "'can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" *United States v. Powell*, 379 U.S. 48, 57 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1949)).

Knowing the parameter of the legal analysis, we now look at the 1992 Formal Order. It commanded an investigation into both past and future violations -- "have engaged, or are about to engage." Mr. Orton's argument that the

documents sought are not relevant to the investigation authorized fade in the light of the plain language of the Formal Order.

The judgment of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge