NUTRATECH, INC.

v.

SYNTECH (SSPF) INTERNATIONAL, INC., et al.

No. CV 06–03709GAF.

United States District Court, C.D. California.

March 20, 2007.

William A. Birdwell, Allen Field, Birdwell and Janke, LLP, for Plaintiff Nutratech, Inc.

Daniel M. Cislo, Peter S. Veregge, Cislo & Thomas, LLP, for Defendant Syntech International, Inc.

SEGAL, United States Magistrate Judge.

## I. *Introduction*

On February 5, 2007, Plaintiff Nutratech, Inc. ("Plaintiff" or "Nutratech") filed a Motion for Entry of Protective Order (the "Motion"). Plaintiff and Defendant Syntech (SSPF) International Inc. ("Defendant" or "Syntech") submitted a Joint Stipulation, pursuant to Local Rule 37–2, reflecting each party's position regarding the Motion. The parties also submitted various declarations and exhibits. On February 13, 2006, each party submitted a Supplemental Memorandum, pursuant to Local Rule 37–2.3, and Plaintiff filed Evidentiary Objections.[1] On February 27, 2007, Plaintiff filed copies of Defendant's discovery responses. For the reasons stated below, the Court DENIES the Motion.

## II. *Federal Rule of Civil Procedure 26(c) Provides For the Entry of a Protective Order Upon a Showing of Good Cause*

■ The Ninth Circuit addressed the issue of confidentiality in discovery and the role of protective orders in *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). The *Foltz* court recognized the general rule that for a court to enter a protective order, the court must "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Foltz*, 331 F.3d at 1130 (quoting *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir.2002)). A party asserting good cause bears the burden of showing that specific prejudice or harm will result from the disclosure of each document

(or item of information) that it seeks to protect. *Id.*

■ It is well-established that the "fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir.1999) (internal citations omitted). Rule 26(c)(7) provides for a protective order upon a showing "that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a designated way."

In the present case, both parties agree that the materials in dispute should be subject to a protective order. (Jt. Stip. at 1).[2] However, Defendant argues that certain information (overall sales and revenue figures, customer/supplier lists) must be subject to an "attorney's eyes only" provision so that this information will not be directly shared with anyone except Plaintiff's attorneys or experts. (Jt. Stip. at 3). Plaintiff argues that the client, Robert Green, President of Nutratech, must be allowed to review the materials in order to properly prepare Plaintiff's case. (Jt. Stip. at 1–2).

■ To obtain a protective order, the party resisting discovery or seeking limitations must, under Rule 26(c), show good cause for its issuance. Specifically, the moving party must make a clear showing of a particular and specific need for the order. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975). In the case of trade secrets, the moving party must show (a) that the information is a "trade secret or other

---

1. Plaintiff's Evidentiary Objections assert that the Declaration of Bo Zhu is conclusory, vague and ambiguous, irrelevant and lacks foundation. Plaintiff's Objections suggest that Mr. Zhu's declaration, submitted for the purpose of showing that the requested documents are confidential and that he is concerned about competitive harm, should include a degree of detail and specificity that is not truly required under Federal Rule of Civil Procedure 26 ("Rule 26"). In addition, relevancy is construed more broadly during discovery than at trial. *Flour Mills of Am., Inc. v. Pace*, 75 F.R.D. 676, 680 (D.Okla. 1977). As such, the Court DENIES Plaintiff's Evidentiary Objections.

2. Several courts have observed that supplier and customer lists are confidential documents that should be disclosed only pursuant to a protective order. *See Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 261 (M.D.N.C.2001) (ordering disclosure of supplier lists subject to protective order); *Geophysical Sys. Corp. v. Raytheon Co. Inc.*, 117 F.R.D. 646, 649 (C.D.Cal.1987) (ordering disclosure of defendant's customer lists subject to protective order); *Russ Stonier, Inc. v. Droz Wood Co.*, 52 F.R.D. 232, 234 (E.D.Pa.1971) (ordering disclosure of defendant's manufacturers, dealers and distributors to plaintiff subject to protective order).

confidential research, development, or commercial information," under Rule 26(c)(7) and (b) that its disclosure would be harmful to the party's interest in the property. *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir.1981); *In re Agent Orange Prod. Liab. Litig.*, 104 F.R.D. 559, 574 (E.D.N.Y.1985). The burden then shifts to the party seeking discovery to show that the information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. *Centurion Indus.*, 665 F.2d at 325–26.

■ Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992). The court may order that the trade secret or commercial information not be revealed or be revealed only in a designated way. Fed. R.Civ.P. 26(c)(7). Disclosure may be ordered to opposing party's trial attorney only (and not to the opposing party). *Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc.*, 682 F.Supp. 20, 22 (D.Del.1988).[3]

■ Courts commonly issue protective orders limiting access to sensitive information to counsel and their experts.[4] *See Vesta Corset Co., Inc. v. Carmen Found., Inc.*, 1999 WL 13257, at *3 (S.D.N.Y.1999). These protective orders represent judicial efforts to strike a proper balance between "the philosophy of full disclosure of relevant information" and the need for "reasonable protection against harmful side effects," such as the risk that disclosure will result in competitive harm. *Davis v. AT & T Corp.*, 1998 WL 912012, at *2 (W.D.N.Y.1998).

## III. *Defendant Has Demonstrated Good Cause For a Protective Order That Limits Disclosure of Certain Information to "Attorney's Eyes Only"*

■ As noted above, courts have ordered that documents be disclosed subject to an "attorney's eyes only" restriction. Here, Defendant has demonstrated that it will suffer competitive harm if its customer and supplier lists are disclosed directly to the president of Nutratech, Robert Green. (Declaration of Bo Zhu, ¶¶ 8–10). Although Nutratech argues that it is not in direct competition with Syntech, it nonetheless admits that it sells the same product, citrus aurantium. (Declaration of Robert Green *compare* ¶ 2 *with* ¶ 8). Also, throughout its proposed protective order, Nutratech describes the parties as "competitors." (Jt.Stip, Exh. 1). Although Nutratech asserts that it currently sells to different buyers, this assertion does not mean that Nutratech will not choose to become a direct competitor of Syntech in the future. Syntech's fear of competitive harm from the disclosure of its supplier and customer lists to the president and owner of Nutratech, rather than counsel, is legitimate.

Plaintiff's claim that the prosecution of its case will be impaired if this information is restricted to "attorney's eyes only" is not persuasive. In his declaration, Mr. Green states the following:

---

3. *Safe Flight* dealt directly with the concerns raised by the present discovery dispute. In *Safe Flight*, an infringement case, the defendant objected to the president of the plaintiff corporation viewing defendant's confidential documents. The court observed that the concern raised by defendant was obvious—the president of the opposing entity might consciously or subconsciously abuse the confidential information revealed in discovery. Both parties competed in the market for avionics equipment and the potential for "competitive loss" was strong. The court noted that the weight of precedent in cases raising similar issues regarding competitive loss was in favor of an "attorney's eyes only" protective order. *See Safe Flight*, 682 F.Supp. at 21–22 (citations omitted).

4. Plaintiff argues that Defendant has failed to show that the information in dispute qualifies as "trade secrets." The Court finds that such a showing is unnecessary, as it is sufficient for Defendant to show that the information is confidential and that harm may result from the disclosure to individuals other than attorneys and experts. Fed.R.Civ.P. 26(c)(7) does not limit its reach to "trade secrets," but also allows for protection of "confidential commercial information." Customer/supplier lists and sales and revenue information qualify as "confidential commercial information."

"I must know the identity of Syntech's suppliers and customers [in order to] assist, advise and direct Nutratech's counsel with the direction and conduct of discovery, and with litigation strategy."

(Green Dec. ¶ 6). If this were true, then courts would never issue "attorney's eyes only" protective orders in cases involving customer and supplier lists, as plaintiffs would always "need" to see this information to prosecute their cases. Many cases involving claims of trademark infringement require the production of customer and supplier lists and such lists are customarily produced subject to an "attorney's eyes only" order. The attorneys for plaintiffs commonly manage to conduct discovery and litigation strategy without revealing such information to their clients. Plaintiff has not shown how this case is unique or why Nutratech's prosecution of its case is different from other such infringement cases. As such, the Court finds that Plaintiff has failed to show that its prosecution of this case will be impaired by an "attorney's eyes only" protective order.

The Court therefore DENIES Plaintiff's motion and instead orders that the protective order provide that the disclosure of Defendant's customer and supplier lists as well as the revenue and sales information, as connected to specific customers and suppliers, be limited to "attorney's eyes only."

The Court clarifies that *gross* revenue and sales information—without connecting that information to a particular customer or supplier—is not information that must be limited to "attorney's eyes only." Based upon Defendant's portion of the Joint Stipulation and counsel's representations at the hearing, Defendant's sole objection was to the disclosure of the identity of customers and suppliers in connection with revenue and sales numbers, not the gross figures themselves. (Jt. Stip. at 3).[5] As such, the *gross* revenue and sales numbers may be disclosed to individuals other than counsel.

## IV. *Conclusion*

Plaintiff's Motion is DENIED. Within seven days of the date of this Order, the

parties shall submit a revised stipulated protective order, consistent with this Order. If the parties are unable to agree on the terms of such an order, within seven days of the date of this Order, Defendant shall submit a proposed protective order and Plaintiff shall submit an alternative proposed protective order.

IT IS SO ORDERED.

---

[5]. "Syntech agrees to provide gross sales figures to Plaintiffs as confidential information, but oppose the disclosure of either supplier/customer

identities and cost/sales figures related to specific suppliers/customers to anyone but Plaintiffs' attorneys and experts." (Jt. Stip. at 3, ll. 3–6).