**DISMISS and Opinion Filed October 6, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00458-CV

### SHANE LANGSTON, Appellant
### V.
### FREESE & GOSS, PLLC, RICHARD A. FREESE, TIM K. GOSS, SHEILA M. BOSSIER, DENNIS C. SWEET, AND SWEET & FREESE, PLLC, Appellees

### On Appeal from the 95th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-14-08251

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Lang-Miers and Stoddart
Opinion by Chief Justice Wright

Shane Langston, a nonparty to the underlying litigation, brings this appeal of the trial court's order denying his motion for sanctions regarding alleged discovery abuse. After reviewing the clerk's record, this Court questioned its jurisdiction over the appeal because it appeared the order is not an appealable interlocutory order or a final judgment. The Court instructed appellant to file a letter brief addressing the Court's jurisdictional concern and gave appellees an opportunity to respond.

This Court has jurisdiction only over appeals from final judgments and those interlocutory orders specifically authorized by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all parties and claims. *See id.*

Appellant contends we have jurisdiction because the trial court's order on his motion for sanctions is a final appealable order as to him, a nonparty. However, he cites to no statute or other authority allowing the appeal or characterizing the order as final. Rather, to support his position, appellant cites to cases from other jurisdictions. *See Burden-Meeks v. Welch*, 319 F.3d 897 (7th Cir. 2003) (allowing nonparty to appeal from order to produce document despite its claim of privilege); *Osrecovery, Inc. v. One Groupe Int'l, Inc.*, 462 F.3d 87 (2nd Cir. 2006) (relying on binding precedent in allowing nonparty to appeal civil contempt order for failure to respond to discovery); *Covey Oil Co. v. Continental Oil Co.*, 340 F.2d 993 (10th Cir. 1965) (allowing appeal of order denying nonparty's motion to quash subpoena duces tecum involving trade secrets). These cases do not provide any authority for this Court to allow the appeal of a nonappealable interlocutory order. *See Tex. Prop. and Cas. Ins. Guar. Ass'n v. Southwest Aggregates, Inc.*, 982 S.W.2d 600, 607 (Tex. App.—Austin 1998, no pet.).

Because the order denying the motion for sanctions is neither a final judgment nor an interlocutory order permitted by statute to be appealed, this Court lacks jurisdiction. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

150458F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SHANE LANGSTON, Appellant

No. 05-15-00458-CV      V.

FREESE & GOSS, PLLC, RICHARD A.
FREESE, TIM K. GOSS, SHEILA M.
BOSSIER, DENNIS C. SWEET, AND
SWEET & FREESE, PLLC, Appellees

On Appeal from the 95th Judicial District
Court, Dallas County, Texas.
Trial Court Cause No. DC-14-08251.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees FREESE & GOSS, PLLC, RICHARD A. FREESE, TIM K. GOSS, SHEILA M. BOSSIER, DENNIS C. SWEET, AND SWEET & FREESE, PLLC recover their costs of this appeal from appellant SHANE LANGSTON.

Judgment entered October 6, 2015.