**UNITED STATES of America,**
**Plaintiff,**

**v.**

**INTERNATIONAL BUSINESS MA-CHINES CORPORATION,**
**Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court,
S. D. New York,
Civil Division.

May 8, 1975.

Melvin Spaeth, Leonard H. Becker, Arnold & Porter, Washington, D. C., Herbert F. Markel, Sperry Rand Corp., New York City, for Sperry Rand Corp.

Thomas D. Barr, Cravath Swaine & Moore, New York City, George Vradenburg, III, for defendant.

### MEMORANDUM

EDELSTEIN, Chief Judge:

To protect the confidentiality of certain proposed exhibits to the deposition of Dr. J. Presper Eckert and any testimony regarding these documents, Sperry Rand Corporation (Sperry) submitted an Order to Show Cause. Dr. Eckert was deposed June 13–14, 1974. At that time IBM proposed to mark and to identify the documents at issue and to address

to Dr. Eckert questions concerning these proposed exhibits.[1] Pursuant to Pretrial Order No. 13 as Amended (entered May 6, 1974) Sperry adjourned the deposition to seek the *in camera* protection for deposition testimony and exhibits which is accorded by that order. Sperry then submitted this Order to Show Cause.

██ It is by motion, not Order to Show Cause, that one is to seek Pretrial Order No. 13 protection. This order is improperly brought on and at no point do the papers adequately indicate why a proper notice motion was not made. Because Sperry failed to comply with the court's instructions, the Order to Show Cause would have been rejected; but in the interest of expedition and because of the close proximity of trial, the court will deal with the matters contained in Sperry's submissions although improperly raised. The court strongly urges counsel to comply with appropriate procedures in the future. In light of the court's own careful review and study of the material to be excised from the documents and in light of its opinion of May 2, 1975, filed in the above captioned action, the court does not find that Sperry's request merits relief.

█ The reports of Dr. Eckert, technical advisor to the president of the Sperry Univac Division (Sperry Univac) of Sperry are all dated 1971. Sperry admits that the information at issue does not represent the conclusions and determinations of Sperry Univac but alleges there is danger it may be so interpreted and suggests that the reports need the proper context to be understood. Further, it is alleged that Dr. Eckert's stature in the computer industry weights his statements and would encourage wide dissemination of them. As the information does not reflect current Sperry Univac architectural strategy for a Univac Computer, it is suggested an erroneous impression would result. Two documents discuss a proposed computer; it is alleged disclosure would erode Sperry Univac's competitive advantage.

The injury Sperry suggests is too speculative. The very age of the data limits by any standard its current value. As to the revelation of a new Sperry Univac computer, the existence of the machine and the model number have already been publicized in a trade journal report. IBM Affidavit of George Vradenburg III, Exhibit B (filed May 8, 1975). To the extent that other characteristics of this computer are mentioned, the fact that the discussion is four years old and is not necessarily current research or design information moves the court to deny Sperry's request.

Should the documents for which protection is sought become exhibits at a future deposition of Dr. Eckert, they must be placed unsealed in the public file. Should such deposition occur, nothing in this order prevents Sperry from invoking the protection of Pretrial Order No. 13 as Amended (entered October 1, 1974) to the extent such protection is available for deposition testimony.

So ordered.

---

1. These documents bear the identification, "SRC Document Nos. 11424, 11501, and 11538."