ACUSHNET COMPANY, Plaintiff,

v.

BIRDIE GOLF BALL COMPANY, INC., and Dale L. Updike, Defendants.

No. 95–7030–CIV.

United States District Court, S.D. Florida.

March 6, 1996.

---

Leslie Jean Lott & Sarah Anne Keefe, Lott & Friedland, Coral Gables, FL, for plaintiff.

Marie Lefere & Philip Edward Ward, Holland & Knight, Fort Lauderdale, FL, for defendants.

## ORDER

GONZALEZ, District Judge.

This Cause has come before the Court upon Defendants' Motion for Enlargement of Time, filed on February 22, 1996. In their motion, Defendants seek an Order postponing the due dates of various responses to discovery requests propounded by Plaintiffs until thirty days after Plaintiffs adequately respond to Defendants' requests.

As is not uncommon, Defendants seek to emulate the perceived faults of their adversaries. The federal rules, however, contain no provision authorizing a litigant to behave only as well as his opponent. Instead, they require the utmost good faith of attorneys at all times. *See* Fed.R.Civ.P. 26, 37. Defendants' counsel should not seek this Court's approval of a "tit for tat" approach to litigation. Instead, let him lead by example, fulfill his obligations, and let the Court determine whether his opponent has failed to do so.[1] In short, follow the golden rule: "[T]herefore all things whatsoever ye would that men should do to you, do ye even so to them: for this is the law and the prophets." Matthew, 7:12; *see also,* Luke, 6:35.

The Court has reviewed the motion and the record, and being otherwise duly advised, it is hereby:

**ORDERED** and **ADJUDGED** that Defendants' Motion for Enlargement of Time be and the same is hereby **DENIED.**

**DONE AND ORDERED.**

---

1. Of course, the parties should make every effort to resolve their disputes before bringing them to the Court, and they should file a certification to that effect as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. As noted in a recent article in the American Bar Journal:

   **Judges Hate Discovery Motions**
   "Make a motion to compel discovery only when you have exhausted every other avenue," and the information is essential to the case," says J. Richard Ludgin, who defends medical malpractice cases for P.I.E. Mutual Insurance Co. In Cleveland.
   Robert A. DuPuy, of Foley & Larddner in Milwaukee, agrees.
   When judges are forced to decide discovery disputes, they typically give both sides a hard time—the abuser for violating the rules, and the petitioner for wasting the court's time with annoying trivia.
   James A. McElhaney, "Making the Most of Motions; Purpose, not Plentitude, is what Matters in Pretrial Filings," American Bar Journal, February 1996, Vol. 82, at 74.