**In re ULLICO INC. LITIGATION, Plaintiff.**

**No. 1:03 CV 01556 RJL AK.**

United States District Court, District of Columbia.

July 11, 2006.

Karen Wahle, Khuong G. Phan, Patrick M. McMullen, O'Melveny & Myers LLP, Chungmoon Choi, Michelle L. Perry, Kalijarvi, Chuzi & Newman, P.C., Ari Karen, James E. Fagan, III, Krupin O'Brien LLC, Washington, DC, April Min, Jackson Kelly PLLC, Morgantown, WV, David S. Preminger, Rosen, Rose A. Saxe, Rosen Preminger & Bloom LLP, New York, NY, for Plaintiffs.

Anthony J. Trenga, James Ashton Bensfield, Kevin Gerard Mosley, Mark J. Rochon, Brian Andrew Hill, Matthew T. Reinhard, Miller & Chevalier, William Glenn Merten, Jorden Burt LLP, Washington, DC, for Defendants.

## MEMORANDUM ORDER

KAY, United States Magistrate Judge.

Pending before this Court are Counterclaim Defendants' Motion to Enforce Compliance by ULLICO with the Stipulated Protective Order Regarding Confidentiality of Discovery Material ("Motion") [156] and the Memorandum of Law in Support of the Motion [157]; ULLICO's Memorandum of Points and Authorities in Opposition to Counterclaim Defendants' Motion ("Opposition") [163], and the Counterclaim Defendants' Reply Memorandum in Further Support of its Motion ("Reply") [166]. Counterclaim Defendants seek to enforce compliance by ULLICO, Inc., *et al.* ("ULLICO") with a Stipulated Protective Order Regarding Confidentiality of Discovery Material ("Protective Order") [137] by requesting that ULLICO be required to reclassify all of its discovery materials labeled "confidential."

Counterclaim Defendants request that ULLICO remove the "confidential" designation from all of the discovery materials it has produced; review them anew in good faith according to the stipulations in the Protective Order; and re-label the materials accordingly within a limited period of time. Counterclaim Defendants further request that ULLICO be ordered to bear the expense of correcting the parties' joint discovery database and to pay Counterclaim Defendants reasonable expenses and fees incurred in making this motion, pursuant to Fed. R.Civ.P. 37(a)(4). ULLICO asserts that this Motion is not ripe for consideration by the Court because it asserts that Counterclaim Defendants have not complied with Local Civil Rule 7(m) before filing this Motion. ULLICO further contends that Counterclaim Defendants failed to comply with the procedures established by the Protective Order to resolve disputes regarding confidentiality designations.

### Discussion

#### 1. *Legal Standard*

Protective Orders regarding the confidentiality of discovery materials are governed by Fed.R.Civ.P. 26(c), stating *inter alia*, that the court "may make any order which justice

requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Rule 26(c)(7) states that the court may order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."

Fed.R.Civ.P. 37(a)(4) allows for sanctions and the award of expenses incurred in making a motion for an order compelling disclosure or discovery. Rule 37(a)(4) provides, in pertinent part, that "if the motion is granted . . . the court shall . . . require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action."

Local Civil Rule 7(m) governs nondispositive motions and dictates that "before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone" and include in its motion a written statement memorializing the conversation and whether the motion is opposed.

### 2. Compliance with Local Civil Rule 7(m)

■ According to Local Civil Rule 7(m), counsel are required to "discuss [an] anticipated motion with opposing counsel" in order to "narrow the areas of disagreement" if there is opposition to the relief sought by the proposed motion. In the instant case, Counterclaim Defendants' counsel notified ULLICO's counsel of disputed issues regarding ULLICO's confidentiality designations, by letter dated February 26, 2006. Counterclaim Defendants' counsel subsequently raised this issue in a telephone conversation on February 28, 2006, and again in a March 1, 2006 letter memorializing the conversation. (Motion, Ex. E at 2–3.) Counterclaim Defendants' counsel indicated in this letter that she intended to file the instant Motion and she stated that she considered the "meet-and-confer obligation on this issue ha[d] been satisfied." (Motion, Ex. E at 5.) ULLICO's counsel responded by letters also dated March 1, 2006, and March 2, 2006, that Counterclaim Defendants' motion was not ripe because ULLICO intended to cooperate with Counterclaim Defendants' counsel to resolve the confidentiality designation issue. Although ULLICO considered its approach to cooperate "reasonable" (Motion, Ex. E at 6), Counterclaim Defendants' counsel disagreed. Within the exchange of letters on March 1, 2006, Counterclaim Defendants' counsel explicitly notified ULLICO's counsel that she still intended to file this Motion and indicated the finality of the decision to make the Motion by expressly stating: "If you believe your position is reasonable, you are entirely free to explain it to the Court in opposition to our motion. We believe no further exchange on this issue is necessary." (Motion, Ex. E at 9.)

The Court has considered the exchanges between Counterclaim Defendants' counsel and ULLICO's counsel and finds that Counterclaim Defendants' counsel did in fact satisfy the meet-and-confer requirement set forth in Rule 7(m). Although ULLICO asserts in its Opposition that Counterclaim Defendants "filed this motion without any notice or warning to ULLICO at a time when the parties had been in nearly daily discussions over the course of a week"(Opp'n at 2–3), the Court finds this statement is contradicted by the correspondence and discussions between counsel predating the filing of the Motion. Counterclaim Defendants' counsel not only discussed the Protective Order issue with ULLICO's counsel on the telephone and in multiple letters, but also attempted to resolve the disagreement and expressly stated their intent to file this Motion.

Rule 7(m) further requires a moving party to include in its motion a statement indicating that "the required discussion occurred, and a statement as to whether the motion is opposed." The Court finds that the letters from Counterclaim Defendants' counsel to ULLICO's counsel, attached as Exhibit E to Counterclaim Defendants' Motion, are sufficient to satisfy this requirement. These letters demonstrate to the Court that the required discussions occurred

and that ULLICO's counsel opposes this Motion.

### 3. *Protective Order*

█ Pursuant to Fed.R.Civ.P. 26(c), both parties agreed to a Stipulated Protective Order to govern the confidentiality designation of discovery materials. According to the Protective Order, the "confidential" designation applies to "sensitive or otherwise confidential personal and financial information; and [ ] trade secrets, customer information or other confidential research, developmental or commercial information." (*See* Protective Order [137] at ¶ 2.) In drafting the Protective Order, the parties originally listed "unpublished financial data or information, [ ] customer information, business methods or plans, and any other information of a proprietary or non-public nature" as categories to be designated "confidential." (Motion, Ex. B at 3.) However, these categories were expressly deleted before the final version of the Protective Order was executed, thereby narrowing the type of documents, which could be labeled "confidential." (*See id.*)

The Protective Order additionally stipulates a procedure for challenging the designation of documents as "confidential." (*See* Protective Order at ¶ 4.) The procedure provides that if the parties cannot resolve their disagreement about the designation, the designating party-ULLICO, in this situation-may make a motion for the court to uphold the "confidential" designation. (*See id.*) The procedure also provides for the designating party to make such a motion within 60 days of receiving a written objection to the designation and during the pendency of the motion, the "confidential" designation will remain in force. (*Id.*) Thus, the Protective Order favors the non-challenging party because a substantial period of time may lapse between the time an initial challenge occurs and the potential change in designation takes place. However, the challenging party is not unduly prejudiced by the procedure as long as the designating party acts in good faith, which minimizes the amount of legitimate challenges raised.

In this case, however, ULLICO has acted in bad faith regarding its designation of doc-

uments as "confidential." In response to Counterclaim Defendants' document requests, ULLICO produced boxes of documents and stamped a substantial amount of these documents "confidential." In its Motion, Counterclaim Defendants assert that ULLICO designated "over 99% of the roughly 60,000 documents (200,000 pages)" as "confidential." (Motion at 1–2.) Without the foundation of ULLICO's good-faith designations, Counterclaim Defendants cannot be expected to follow the Protective Order's procedure, which would prejudice them further. Requiring Counterclaim Defendants to adhere to the procedure set forth in the Protective Order would cause Counterclaim Defendants to suffer additional delays and would exacerbate the effects of ULLICO's bad faith. Moreover, it would encourage the designating party to overuse the "confidential" label in the first place and provide a strategic advantage in the form of an unwarranted and unfair designation of "confidential" for months. ULLICO did just this and should not be entitled to benefit from its blanket unexplained designation. Counterclaim Defendants are therefore entitled to seek relief from the court.

Counterclaim Defendants contend, and the Court agrees, that ULLICO grossly abused the use of the "confidential" designation." *See THK America, Inc. v. NSK Co.,* 157 F.R.D. 637, 645 (N.D.Ill.1993) (finding a designation of 79% of produced documents to be "absurdly high"). Pursuant to Fed.R.Civ.P. 26(c) and the Protective Order, ULLICO's designation of documents as "confidential" is governed by an overarching requirement of good faith. However, the Court finds that ULLICO violated this requirement and acted in bad faith. The documents labeled as "confidential" not only exceed the scope of the two categories listed in the Protective Order, but also fall into categories of obviously non-confidential, publicly accessible documents, "including newspaper clips from the Washington Post, Business Week, and Wall Street Journal articles, ULLICO press releases, its own annual reports and ERISA plan documents, blank income tax forms, CLE brochures, blank pages, tabs and folders, fax cover sheets, and newsletters available on its

website." (Motion at 4); (*See* Motion, Ex. C.) This flagrant unwarranted designation by ULLICO calls into question their usage of the "confidential" label.[1] *See THK America,* 157 F.R.D. at 646 (indicating that a party's designation of public information suggested "misuse of the designation").

ULLICO's counsel argues that it acted in good faith and indicated to Counterclaim Defendants' counsel that it is "entirely possible that there are some non-confidential documents within properly designated files." (Motion, Ex. E at 6.) ULLICO's counsel also notes that it voluntarily corrected the designation of approximately 4,000 documents on March 14, 2006. However, such a sweeping correction subsequent to ULLICO's initial production illustrates that ULLICO's non-compliance with the Protective Order occurred on a grand scale.

The Court finds that Counterclaim Defendants are unfairly burdened by ULLICO's overuse of the "confidential" label. The improper designation of thousands of documents as "confidential" would create unnecessary logistical restraints on Counterclaim Defendants' filing these documents with the court, including their inability to use the ECF system and having to file all of these documents under seal. *See* Local Civil Rule 5.1. The large quantity of documents that have been labeled "confidential" multiplies the obstacle for the Counterclaim Defendants, who are forced to adhere to these restraints for the majority of documents produced by ULLICO.

In addition, even though Counterclaim Defendants have now correctly designated approximately 4,000 documents not confidential and provided a list of these documents by Bates-range, this has also created an added burden for Counterclaim Defendants. In its Reply, Counterclaim Defendants state that "ULLICO did not, however, unstamp and reproduce these documents, nor populate the non-stamped documents on the database." (Reply at 5 n. 3.) Therefore, to determine whether a document is "confidential," Counterclaim Defendants must cross-check the

supplemental list, in addition to searching the discovery database.

■ Counterclaim Defendants should not be prejudiced as a result of what can be viewed as ULLICO's bad faith participation in discovery. ULLICO bears the burden of designating the documents appropriately (*see* Protective Order at ¶ 4), and because of the sheer quantity of documents involved, it is especially important for this burden to remain with ULLICO. *See Storage Technology Corp. v. Custom Hardware Engineering & Consulting, Inc.,* No. Civ.A. 02–12102–RWZ, 2003 WL 21975102, *1 (D.Mass. Aug.19, 2003) ("the burden is properly on [the designating party] to fix the problem" of improperly designating documents as confidential). Because ULLICO did not comply with the Protective Order initially, ULLICO must come into compliance at this time by redoing its entire confidentiality designations. *See Quotron Systems, Inc. v. Automatic Data Processing, Inc.,* 141 F.R.D. 37, 40 (S.D.N.Y.1992) (imposing a short deadline for a party to reclassify its document production as a result of its initial improper classification). In addition, the Court finds that ULLICO shall be required to pay Counterclaim Defendants' reasonable expenses, including attorney's fees, incurred in making this motion, pursuant to Fed.R.Civ.P. 37(a)(4). The Court considers this an appropriate sanction to remedy ULLICO's discovery abuse. Accordingly, it is this 11th day of July, 2006,

**ORDERED** that Counterclaim Defendants' Motion to Enforce Compliance by ULLICO with the Stipulated Protective Order [156] is **granted.** ULLICO shall remove the "confidential" designation from all of the documents it produced during discovery and review and re-label them in good faith according to the conditions set forth in the Protective Order within a period of 20 days. ULLICO shall also ensure that all discovery documents it produces as non-confidential are provided to Counterclaim Defendants in a uniform manner contained in a single listing within their joint discovery database, and it is

---

1. ULLICO's inappropriate designation is also illustrated by their production of multiple copies of the same document designated both with and

without a "confidential" designation. (*See* Motion, Ex. G at 5.)

 **FURTHER ORDERED** that ULLI-CO is required to pay Counterclaim Defendants the reasonable expenses and fees incurred in making the instant Motion, with an accounting of such expenses and fees to be provided to the Court within five days of the date of this Memorandum Order.