Shannon PAIGE, etc.

v.

CONSUMER PROGRAMS, INC., et al.

No. CV 07–2498–FMC (RCx).

United States District Court,
C.D. California.

Jan. 18, 2008.

Andre E. Jardini, Knapp Petersen & Clarke, Glendale, CA, Thomas W. Falvey, Thomas W. Falvey Law Offices, Pasadena, CA, for Shannon Paige.

Dan Chammas, Jennifer C. Fercovich, Richard W. Kopenhefer, McDermott Will & Emery, Los Angeles, CA, for Consumer Programs Inc., CPI Images LLC, and CPI Corporation.

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION FOR AN ORDER COMPELLING PLAINTIFF'S APPEARANCE AT DEPOSITION AND FOR ATTORNEY'S FEES AND COSTS**

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On January 9, 2008, defendants filed a notice of motion and motion for an order compelling plaintiff's appearance at deposition and for attorney's fees, costs and sanctions and a joint stipulation including the supporting declarations of Detective James Deal and Dan Chammas, with exhibits, and on January 16, 2008, defendants filed their supplemental memorandum. Pursuant to Local Rule 7–15, this matter is decided in Chambers without oral argument.

## BACKGROUND

### I

On March 8, 2007, plaintiff Shannon Paige filed a class action in the Los Angeles County Superior Court against defendants Consumer Programs, Inc., CPI Images LLC, and CPI Corporation (collectively "CPI") on behalf of CPI's hourly employees, claiming CPI violated various provisions of the California Labor Code regarding the payment of wages and overtime compensation and committed unfair business practices in violation of California Business & Professions Code §§ 17200 et seq. regarding the payment of proper wages. The plaintiff seeks injunctive relief, the payment by CPI of sums due and owing plaintiff and class members for wages and overtime under California law, attorney's fees, and the like. On April 13, 2007, CPI filed an answer to the complaint and raised several affirmative defenses. On April 16, 2007, CPI removed the action to this district court under the Class Action Fairness Act of 2005, and plaintiff filed a demand for a jury trial.

### II

CPI initially noticed plaintiff's deposition for October 26, 2007, and subsequently agreed with plaintiff to continue the deposition to November 30, 2007. Declaration of Dan Chammas ¶ 2. Prior to the deposition, CPI's counsel "conducted a background check of Plaintiff." *Id.* ¶ 3. During the course of that background check, CPI's counsel "learned that an arrest warrant for Plaintiff for three felony counts of Grand Theft Auto was issued on June 21, 2007." *Id.* CPI's counsel contacted the Pasadena Police Department on or about November 27, 2007, to inquire about the status of the arrest warrant, and spoke to Detective James Deal. *Id.* ¶ 4. Detective Deal advised CPI's counsel that the police "had been unable to locate [plaintiff] and ... were still looking for him...." Declaration of Detective James Deal ¶ 2; Chammas Decl. ¶ 4. Detective Deal

then asked CPI's counsel "if he knew of [plaintiff's] whereabouts, and [CPI's counsel] informed [him] that [plaintiff] was supposed to appear at [his] offices for a deposition on November 30, 2007." Deal Decl. ¶ 3; Chammas Decl. ¶ 5. Detective Deal then "informed [CPI's counsel] that [the police] would be coming to [counsel's] offices on November 30, 2007 to arrest [plaintiff]." Deal Decl. ¶ 3; Chammas Decl. ¶ 5.

CPI's counsel asked Detective Deal "if he could contact Plaintiff's counsel prior to the deposition to allow Plaintiff to turn himself in...." Chammas Decl. ¶ 6; Deal Decl. ¶ 4. However, "since [the police] considered [plaintiff] a flight risk, [Detective Deal] did not want to leave the decision to surrender up to [plaintiff] or his attorneys. [Detective Deal] requested that [CPI's counsel] not alert [plaintiff's] counsel prior to the deposition." Deal Decl. ¶ 4; Chammas Decl. ¶ 6. CPI's counsel "also specifically asked the Detective to effect the arrest outside of [his] office." Chammas Decl. ¶ 6; Deal Decl. ¶ 4.

On November 30, 2007, the Pasadena police arrested plaintiff at CPI's counsel's office prior to plaintiff's deposition. Deal Decl. ¶ 5; Chammas Decl. ¶ 9, Exh. B. Since plaintiff and his counsel arrived at CPI's counsel's office prior to the Pasadena police, Chammas Decl. ¶ 8, the Pasadena police "were unable to arrest [plaintiff] outside of [CPI's counsel's] office, as planned...." Deal Decl. ¶ 5. Accordingly, plaintiff's deposition did not take place on November 30, 2007. Chammas Decl. ¶ 9, Exh. B.

On December 7, 2007, CPI issued a new notice of deposition, setting the time and place for plaintiff's deposition at CPI's counsel's office on December 21, 2007, and not requesting plaintiff produce any documents at his deposition. Chammas Decl. ¶ 10, Exh. K. However, plaintiff failed to appear for his deposition on December 21, 2007. *Id.* ¶ 12. CPI prepared for plaintiff's deposition on December 21, 2007, since it was uncertain whether plaintiff would appear or not, and such preparation included paying a stenographer $237.00 and a videographer $203.00 to appear at the deposition, and CPI's counsel, whose regular billing rate is $490.00 per hour, spent 2 hours preparing for the deposi-

tion. Chammas Decl. ¶ 13. After December 21, 2007, CPI's counsel spent 2.5 hours traveling to and from plaintiff's counsel's office and conducting a Rule 37 conference, and 6 hours drafting CPI's portion of the Joint Stipulation. *Id.*

## DISCUSSION

### III

The major discovery dispute before the Court is simple and straightforward: Has plaintiff already been deposed and, if not, should he be compelled to appear for a deposition? CPI argues plaintiff has never been deposed; thus, CPI was entitled to notice his deposition, which it did. However, plaintiff failed to appear for the noticed deposition. On the other hand, plaintiff argues that since he appeared for his deposition on November 30, 2007, and the only reason the deposition did not go forward was CPI's counsel's "misconduct" in "arrang[ing] for plaintiff's arrest at his deposition[,]" Jt. Stip. at 12:6–16, he has been deposed, and CPI cannot depose him a second time. The Court, having considered all papers, **HEREBY GRANTS** CPI's motion to compel plaintiff's attendance at his deposition.

Federal Rule of Civil Procedure 30 governs depositions by oral examination. Specifically, it provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)...." Fed.R.Civ.P. 30(a)(1). "Any party who wants to depose a person by oral questions must give reasonable notice to every other party...." Fed. R.Civ.P. 30(b)(1). The federal rules presumptively limit depositions "to 1 day of 7 hours[,]" Fed.R.Civ.P. 30(d)(2); nevertheless, the "court **must** allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* (emphasis added). Additionally, a party may obtain leave of court, "and the court must grant leave to the extent consistent with

Rule 26(b)(2) [,][ [1] ] . . . if the parties have not stipulated to the deposition and[, among other things,] . . . the deponent has already been deposed in the case. . . ." Fed.R.Civ.P. 30(a)(2)(A)(ii) (footnote added).

Under Rule 37(d), a party's failure to appear at his own deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed.R.Civ.P. 37(d)(2). Although plaintiff attempted to file a notice stating he would not appear at his deposition,[2] it is further undisputed that plaintiff did not file a "motion for a protective order under Rule 26(c)." Indeed, although CPI's counsel sought a conference with plaintiff's counsel in advance of the deposition to discuss plaintiff's planned nonappearance at the deposition, plaintiff's counsel refused to meet with CPI's counsel prior to the deposition. Chammas Decl. ¶ 10, Exhs. G–I.

■ Considering Rule 30 as a whole, and affording the words in that rule their plain meaning, as we must, *see Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 540, 111 S.Ct. 922, 928, 112 L.Ed.2d 1140 (1991) (" 'We give the Federal Rules of Civil Procedure their plain meaning.' " (quoting *Pavelic & LeFlore v. Marvel Entertainment Group,* 493 U.S. 120, 123, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989))); *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1111 (9th Cir.2002) ("As a rule of construction, Federal Rules of Civil Procedure are given their plain meaning."), it is clear that a deposition is the examination under oath by "oral questions" of a party or deponent. In other words, a party who merely appears for a deposition that does not

take place has not "been deposed" since he has not been examined by oral questions. *See* Fed.R.Civ.P. 30(a)(1). Here, plaintiff appeared for his deposition on November 30, 2007, but CPI did not ask him any questions; thus, plaintiff "has not already been deposed in the case" within the meaning of Rule 30(a)(2)(A)(ii). Since plaintiff was not deposed on November 30th, CPI was entitled under Rule 30(a)(1) to renotice plaintiff's deposition without leave of the court, and CPI did just that, sending notice on December 7, 2007, of plaintiff's deposition on December 21, 2007. Certainly, this is "reasonable notice" of the deposition within the meaning of Rule 30(b)(1). *See In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 320, 327 (N.D.Ill. 2005) ("[T]en business days' notice [of a deposition] would seem to be reasonable."). Yet, plaintiff failed to appear for his duly and properly noticed deposition.

■ Nevertheless, plaintiff argues he was excused from appearing at his deposition on December 21, 2007, because he had appeared previously for his deposition on November 30, 2007, and that deposition would have proceeded except for CPI's counsel's "misconduct" in arranging for plaintiff's arrest. This argument misses the mark. Rather, if plaintiff believed he had good cause not to appear for his deposition on December 21, 2007, his recourse was to file a motion for a protective order under Rule 26(c). *See* Fed.R.Civ.P. 37(d)(2). However, plaintiff did not file a motion for a protective order under Rule 26(c); rather, he merely failed to appear for his deposition. Moreover, CPI's counsel sought to confer with plaintiff's counsel prior to the deposition, which would have afforded plaintiff the opportunity to file a

---

1.  26(b)(2) provides:

    By order, the court may alter the limits in these rules on the number of depositions . . . or on the length of depositions under Rule 30. . . . [¶] On motion or on its own motion, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(A), (C).

2.  The Court struck this notice on the ground it was not in compliance with Local Rule 37. However, this notice of nonappearance shows plaintiff had actual notice of the time and place of the deposition, but wilfully chose not to appear.

motion for a protective order before the date of the deposition, but plaintiff's counsel refused to confer until after the date of the deposition—on December 27, 2007. Thus, plaintiff's failure to appear for his deposition on December 21, 2007, is not excused.

Even if this Court were to find either that plaintiff "ha[d] already been deposed in the case" on November 30, 2007, or that his failure to appear for his deposition on December 21, 2007, was excused, those determinations would not preclude the Court from granting CPI's motion to require plaintiff to appear for another deposition. To the contrary, this Court "must allow additional [deposition] time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or ... if any other circumstance impedes ... the examination." Fed.R.Civ.P. 30(d)(2). Here, plaintiff's arrest is "[an] other circumstance" that "imped[ed]" CPI's "fair examination" of plaintiff on November 30th, and none of the factors listed in Rule 26(b)(2) militate against allowing CPI "additional time" to depose plaintiff. Rather, CPI would be extremely prejudiced if it could not depose plaintiff, who is both the sole individual plaintiff and the sole representative of the class in this class action. For all these reasons, CPI's motion to compel plaintiff to appear for his deposition **should be granted.**

The Court is concerned, however, about the apparent strained relationship between counsel for the parties. To assure plaintiff's deposition and other depositions proceed smoothly, the Court would like to take this opportunity to advise counsel of what it expects of them at the depositions in this case. Under Rule 30(c):

> An objection at the time of the examination—whether to evidence, to a party's

conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, **but the examination still proceeds; the testimony is taken subject to any objection.** An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. p. 30(d)(1) (emphasis added). Counsel are advised the Court will strictly enforce their proper conduct during the depositions in this case.

## IV

■ The parties also dispute whether sanctions should be awarded against plaintiff for his failure to appear at the deposition noticed for December 21, 2007. Rule 37(d) specifically addresses the sanctions available when "a party ... fails, after being served with proper notice, to appear for that person's deposition...." Fed.R.Civ.P. 37(d)(1)(A)(i). The available sanctions:

> may include any of the orders listed in Rule 37(b) (2)(A)(i)-(vi).[3] Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was not substantially justified or other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(d)(3) (footnote added);[4] *Lew v. Kona Hospital,* 754 F.2d 1420, 1426 (9th

---

**3.** Rule 37(b)(2)(A) provides that the Court may make an order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established ...; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) further staying proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating

as contempt of court the failure to obey any order....

Fed.R.Civ.P. 37(b)(2)(A).

**4.** As the Supreme Court has noted in discussing Rule 37(d), "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey*

Cir.1985). Similarly, Rule 37(a) provides that if a motion compelling discovery is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(5)(A).

Here, CPI has requested only monetary sanctions, in the amount of $5,585.00 against plaintiff, and such sanctions are available under both Rule 37(a)(5)(A) and Rule 37(d)(3). To support its request for sanctions, CPI has submitted Mr. Chammas's declaration, which establishes CPI prepared for plaintiff's deposition on December 21, 2007; CPI incurred court reporter's fees and videographer fees totaling $440.00; Mr. Chammas spent 2 hours preparing for the deposition; Mr. Chammas spent 8.5 hours related to the pending motion to compel plaintiff to attend his deposition; and Mr. Chammas's hourly rate is $490.00 per hour. Chammas Decl. ¶ 13. On the other hand, plaintiff asks the Court:

> to sanction defense counsel for misconduct, asks for fees and costs for the deposition appearance and for opposing this meritless motion, and asks the Court to reject Defendant's [sic] attempt to force Plaintiff to appear a second time after being abused and mistreated when he appeared for his deposition as noticed. In the alternative, if Plaintiff is ordered to appear a second time Plaintiff asks for the same sanctions, fees and costs, asks the Court to appoint a discovery referee if Defendant's [sic] expense to avoid further abuse and misconduct, and asks for a neutral location at

Defendant's [sic] expense rather that at defense counsel's office....

Jt. Stip. at 10:13–20.

As an initial matter, this Court finds plaintiff's failure to appear at the properly noticed deposition on December 21st was not "substantially justified." Specifically, plaintiff's failure to appear was not substantially justified since plaintiff, as discussed above, failed to file a motion for a protective order under Rule 26(c) before the date of the deposition, despite being offered the opportunity to meet and confer with CPI's counsel in advance of the deposition, which would have allowed for such motion. The correspondence between plaintiff's counsel and CPI's counsel further shows CPI attempted to resolve the dispute about plaintiff's appearance at the deposition without Court intervention, but plaintiff's attorney was not cooperative. In fact, plaintiff's counsel refused to discuss whether plaintiff would appear at the deposition until **after** the date of the deposition! Clearly, CPI could reasonably have prepared for the deposition to proceed on December 21, 2007.

Despite plaintiff's hyperbole about CPI's counsel's alleged "misconduct," the Court also finds "no other circumstances make an award of expenses unjust." Specifically, CPI's counsel did not act improperly in any regard. It is not improper for a party to investigate the background of an opposing party, and plaintiff cites nothing to suggest otherwise. Further, the declarations of both Detective Deal and Mr. Chammas show CPI's counsel did not "arrange" for plaintiff's arrest, and when counsel learned of the impending arrest, he requested permission to advise plaintiff's counsel of it, but the police did not want him to do so. Thus, the cases plaintiff cites to support his claim of improper conduct are inapposite, as CPI notes in its supplemental memorandum, and an award of expenses against plaintiff is not unjust. Accordingly, CPI's request for monetary sanctions **should be granted.**

█ Lastly, the Court finds no merit to plaintiff's counter-requests. First, plaintiff's request to sanction CPI's counsel for his "misconduct" and his request for fees and

*Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778,     2781, 49 L.Ed.2d 747 (1976) (per curiam).

costs should be denied since CPI has, for the reasons discussed above, prevailed before the Court. Second, plaintiff's other requests to have a discovery referee present at his deposition and to change the location of his deposition are improperly raised in the Joint Stipulation. Rather, they should be raised by a motion for a protective order under Rule 26(c). *See* Rule 26(c)(1)(B), (E) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... specifying terms, including time and place, for the disclosure or discovery; ... [and] designating the persons who may be present while the discovery is conducted...."). Despite plaintiff's procedural error, the Court addresses the merits of these counterrequests, and finds them to be without merit.

■ Under Rule 1 of the Federal Rules of Civil Procedure, the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D.Cal. 2005). Appointing a discovery referee, here, would be an unnecessary expense, and in light of the Court's admonishment to counsel regarding their behavior at depositions, the Court finds this request is without merit. Further, "[f]or good cause [for a protective order] to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir.2002); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir.2004), *cert. denied*, 544 U.S. 905, 125 S.Ct. 1603, 161 L.Ed.2d 279 (2005). Here, plaintiff has presented no evidence by declaration or otherwise supporting his request to change the location of the deposition from CPI's counsel's office due to his embarrassment at returning to the scene of his arrest. To the contrary, there is no reason plaintiff should be embarrassed to return to CPI's counsel's office for his deposition now, more than three months after his arrest, since plaintiff has no familial or other ties to that office. Thus, plaintiff's counterrequests **should be denied.**

## ORDER

1. CPI's motion to compel the deposition of plaintiff IS GRANTED, and plaintiff is ordered to attend a deposition commencing no later than February 1, 2008, at CPI's counsel's office, McDermott Will & Emery, located at 2029 Century Park East, 38th Floor, Los Angeles, California 90067. The exact date and time of the deposition shall be determined by CPI's counsel in consultation with plaintiff's counsel, no later than January 23, 2008, at 4:00 p.m. No additional notice of the deposition need be given by CPI to plaintiff. **The plaintiff is admonished that failure to appear for his deposition may lead to dismissal of his case. Fed.R.Civ.P. 37(b)(2)(A), (d)(3).**

2. CPI's motion for sanctions IS GRANTED, and CPI is awarded reasonable expenses in the amount of $5,585.00 under Rules 30(d)(3) and 37(a)(5)(A), and plaintiff and his attorney, jointly and severally, shall pay such expenses to CPI, no later than ten (10) days from the date of this Order.

3. The plaintiff's requests for sanctions against CPI and its counsel and to appoint a discovery referee and to change the location of the deposition ARE DENIED.