**NATIONAL ACADEMY OF
RECORDING ARTS &
SCIENCES, INC.**

v.

**ON POINT EVENTS, LP.**

**No. CV 08–0856–DSF (RCx).**

United States District Court,
C.D. California.

Feb. 25, 2009.

Robert H. Horn, Proskauer Rose LLP, Los Angeles, CA, for Plaintiff.

Marcia L. Brewer, Marcia J. Brewer APLC, Culver City, CA, Joe Alfred Izen, Jr., Izen & Associates, Bellaire, TX, for Defendant.

## PROCEEDINGS: ORDER GRANTING PLAINTIFF'S MOTIONS TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

ROSALYN M. CHAPMAN, United States Magistrate Judge.

On January 27, 2009, plaintiff filed a notice of motion and motion to compel further responses to interrogatories without objection, a joint stipulation and the supporting declaration of Robert H. Horn with exhibits, and defendant filed the opposing affidavit of Joe Alfred Izen, Jr., with exhibits, and plaintiff also filed a notice of motion and motion to compel requests for production of documents without objection and to compel production of documents and a joint stipulation. On January 29, 2009, defendant filed a "privilege log" claiming certain documents are "a trade secret." On February 13, 2009, plaintiff filed its supplemental memorandum addressing both motions; however, defendant did not file a supplemental memorandum. Oral argument was held on February 25, 2009, before Magistrate Judge Rosalyn M. Chapman.

## BACKGROUND

On February 7, 2008, plaintiff National Academy of Recording Arts & Sciences, Inc., a Delaware corporation, filed a complaint against defendant On Point Events LP, a Texas limited partnership, setting forth causes of action for: (1) false advertising in violation of 15 U.S.C. § 1125(a) (the Lanham Act); (2) unfair competition in violation of 15 U.S.C. § 1125(a) (the Lanham Act); (3) common law interference with contractual relationships; (4) unfair or deceptive acts or practices in violation of California Business & Professions Code §§ 17200 et seq.; and (5) inducement of trespass. Plaintiff seeks injunctive relief against defendant, compensatory damages, punitive damages, reasonable attorney's fees, and other relief.

Common to all causes of action, plaintiff alleges the following facts: Plaintiff is a nonprofit corporation which, among other things, annually presents the "GRAMMY Awards," which are telecast throughout the world. Complaint ¶ 1. Defendant owns and operates the website *www.OnPointEvents.com,* which offers tickets for sale to various entertainment, sporting and other events, sometimes as part of a package. Complaint ¶¶ 2–4. The plaintiff offers tickets to the GRAMMY Awards "on a restricted basis only to [plaintiff's] dues-paying members and to nonmember grantees such as [plaintiff's] promotional and sponsorship partners. Tickets to the GRAMMY Awards ceremony are not for sale to the general public." Complaint ¶ 16. "Each ticket to the GRAMMY Awards ceremony issued by [plaintiff] is, on its face, nontransferable ... [,]" and when plaintiff's members are "offered the opportunity to buy a limited number of tickets[,]" they are "required to sign" a form acknowledging the tickets are not transferable. Complaint ¶¶ 17–19. Nevertheless, defendant has "offered to sell (and potentially sold) tickets to the 50th Annual GRAMMY Awards ceremony." Complaint ¶ 20, *see also* ¶¶ 6, 9, 11–12. Plaintiff advised defendant in writing about restrictions on the sale, transfer and resale of GRAMMY Awards tickets, but defendant has ignored plaintiff's demand to cease and desist selling GRAMMY Awards tickets. Complaint ¶¶ 7–8, 10, 22, 27–29.

On March 10, 2008, defendant filed an answer and raised seven affirmative defenses.

## DISCUSSION

■ The Federal Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 278 (C.D.Cal.2008). "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted...." *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983) (citation omitted); *In re Syncor Erisa Litig.*, 229 F.R.D. 636, 643 (C.D.Cal.2005). Under the federal rules, discovery is permitted in civil actions of "any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R.Civ.P. 26(b)(1). " 'Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.' " *Quiksilver, Inc. v. Kymsta Corp.*, 247 F.R.D. 579, 582 (C.D.Cal.2007) (citations omitted); *Bible v. Rio Props., Inc.*, 246 F.R.D. 614, 617 (C.D.Cal.2007). The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975); *Bible*, 246 F.R.D. at 618.

■ Rule 33 of the Federal Rules of Civil Procedure provides, in part, for the serving by a party upon any other party of written interrogatories that relate to any matters which can be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a)(2). Rule 34 provides for the production of documents and things, requiring a party to produce or permit inspection of documents responsive to a request for production of documents when such documents are in the party's "possession, custody or control." [1] Fed.R.Civ.P. 34(a)(1). A party has an obligation to conduct a reasonable inquiry into the factual basis of its discovery responses. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D.Cal.2006); *National Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 554–56 (N.D.Cal. 1987); *see also Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir.1988) ("Once a proper discovery request has been seasonably propounded, we will not allow a party sentiently to avoid its obligations by filing misleading or evasive responses, or by failing to examine records within its control."). "Rules 33 and 34 are cumulative, not alternative." *United States v. National Steel Corp.*, 26 F.R.D. 603, 606 (S.D.Tex.1960); *Harvey v. Levine*, 25 F.R.D. 15, 17 (N.D.Oh.1960).

■ As an initial matter, defendant extensively discusses in the joint stipulation plaintiff's failure to provide discovery to defendant. However, the motions before the Court are brought by plaintiff, not defendant, and discovery is not conducted on a "tit-for-tat" basis. See, e.g., Fed.R.Civ.P. 26(d)(2) ("[M]ethods of discovery may be used in any sequence; and ... discovery by one party does not require any other party to delay its discovery."); *Acushnet Co. v. Birdie Golf Ball Co., Inc.*, 166 F.R.D. 42, 43 (S.D.Fla. 1996) ("As is not uncommon, Defendants seek to emulate the perceived faults of their adversaries. The federal rules, however, contain no provision authorizing a litigant to behave only as well as his opponent. Instead, they require the utmost good faith of attorneys at all times. Defendants' counsel should not seek this Court's approval of a 'tit for tat' approach to litigation. Instead, let him lead by example, fulfill his obligations, and let the Court determine whether his

---

1. "[F]ederal courts have consistently held that documents are deemed to be within [a party's] 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody, or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995), *cert. dismissed*, 517 U.S. 1205, 116 S.Ct. 1711, 134 L.Ed.2d 808 (1996); *see also In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir.1999) (" 'Control is defined as the legal right to obtain documents upon demand.' " (quoting *United States v. Int'l Union of Petroleum and Indus. Workers, AFL–CIO*, 870 F.2d 1450, 1452 (9th Cir.1989))), *cert. denied sub nom., Gangi Bros. Packing Co. v. Cargill, Inc.*, 529 U.S. 1037, 120 S.Ct. 1531, 146 L.Ed.2d 346 (2000).

opponent has failed to do so." (citations and footnote omitted)); *Lumbermens Mut. Casualty Ins. Co. v. Maffei*, 2006 WL 2709835, *5 n. 21 (D.Alaska) ("The court does not consider 'tit-for-tat' objections to discovery to be legitimate objections. If the opposing party is recalcitrant in responding to discovery requests, the rules provide a mechanism for compelling responses and/or imposing sanctions. The rules do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material."). Thus, defendant's argument has no merit.

■ The discovery dispute before the Court involves 15 interrogatories and 26 document requests propounded by plaintiff on defendant. Defendant timely made numerous objections to these discovery requests,[2] and has now waived all objections except the objection that the discovery seeks "trade secrets." *See* Affidavit of Joe Alfred Izen, Jr., ¶ 15, Exh. E at pp. 8–13 ("The privilege asserted [regarding the document requests] is trade secret confidentiality which protects customer lists, vendor lists, and pricing and financial information ... which, if disclosed, would provide a financial windfall to competitors ...."); and at pp. 14–15 ("Voluntarily providing this [interrogatory] information would waive defendant[ ]'s claims of confidentiality ... set out above."). Although there is no absolute privilege for highly confidential information, *Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362, 99 S.Ct. 2800, 2813, 61 L.Ed.2d 587 (1979); *Hartley Pen Co. v. United States Dist. Court for the S. Dist. of Cal.*, 287 F.2d 324, 330 (9th Cir. 1961); *Centurion Indus., Inc. v. Warren Steurer & Assoc.*, 665 F.2d 323, 325 (10th Cir.1981), such information, even if not privileged, may be protected under Rule 26(c)(1)(G).[3] *In re Remington Arms Co.,*

*Inc.*, 952 F.2d 1029, 1031–32 (8th Cir.1991) (citations omitted). As the Advisory Committee Notes to the 1970 amendment to Rule 26(c) state: "[C]ourts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure." *See also MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 120 (4th Cir.) ("[T]rade secrets have widely been held to be discoverable upon appropriate findings and with an appropriate protective order[.]"), *cert. denied*, 513 U.S. 1000, 115 S.Ct. 510, 130 L.Ed.2d 417 (1994). Similarly, the Eighth Circuit has commented:

In light of the protection afforded to trade secrets by Rule 26[ ], courts have attempted to reconcile the competing interests in trade secret discovery disputes. First, the party opposing discovery must show that the information is a 'trade secret or other confidential research, development, or commercial information' under Rule 26[ ], and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the party seeking discovery to show that the information is relevant to the subject matter of the lawsuit and is necessary to prepare the case for trial. [¶] If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information. If the party seeking discovery fails to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted, and the trade secrets are not to be revealed.

*In re Remington Arms Company, Inc.*, 952 F.2d at 1032 (citations omitted); *see also Hartley Pen Co.*, 287 F.2d at 330–31 ("We

---

**2.** These objections did not include the third-party privacy rights of the sellers and/or buyers of the GRAMMY Awards tickets.

**3.** Rule 26(c)(1)(G) (formerly Rule 26(c)(7)) provides:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including one or more of the following:

\* \* \*

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way....

Fed.R.Civ.P. 26(c)(1)(G).

believe that the requirements of relevance and necessity must be established where disclosure of a trade secret is sought whether sought under Rule 33 or 34, and that the burden rests upon the party seeking disclosure to establish that the trade secret sought is relevant and necessary to the prosecution or defense of the case before a court is justified in ordering disclosure.").

Here, the parties have not entered into a protective order, and defendant has inexplicably failed to move for a protective order. Rather, defendant broadly claims all of plaintiff's interrogatories and document requests seek information that should be protected as a "trade secret or other confidential ... commercial information" under Rule 26(c)(1)(G).[4]

■ First, to the extent defendant objects that certain requests, such as Interrogatory no. 13, seek information equally available to plaintiff, "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request." *St. Paul Reinsurance Co., Ltd., CNA v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D.Iowa 2000); *see also City Consumer Servs., Inc. v. Horne*, 100 F.R.D. 740, 747 (D.Utah 1983) ("It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'" (citation omitted)); *United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 573 (E.D.Ill.1975) ("Generally, an interrogatory is proper al-

though the information sought is equally available to both parties."). Thus, plaintiff's motion to compel a response to Interrogatory no. 13 should be granted.

■ Second, Interrogatory no. 15, which asks defendant to identify its affirmative defenses and state the facts supporting these defenses, is a contention interrogatory under Rule 33(a)(2),[5] and Request nos. 20–26, which seek documents supporting defendant's affirmative defenses, are complementary and proper document requests. *Cf. United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D.Cal.2007); *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D.Cal.1997). Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is "[c]onsistent with Rule 11 of the Federal Rules of Civil Procedure,'" which requires parties have some factual basis for their claims and allegations. *United States ex rel. O'Connell*, 245 F.R.D. at 649 (quoting *In Re One Bancorp Securities Litig.*, 134 F.R.D. 4, 8 (D.Me.1991)). Thus, plaintiff's motions to compel responses to Interrogatory no. 15 and the production of documents responsive to Request nos. 20–26 should be granted.

■ Third, Interrogatory nos. 1–2 and 14 and Request nos. 3–5 and 19 seek either information defendant disclosed on its website, which is open to the public, or public

4. It is clear that, as defendant claims, customer lists, vendor lists, and pricing information are often determined to be trade secrets. *See*, e.g., *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 555 n. 4 (C.D.Cal.2007) ("Customer/supplier lists and sales and revenue information qualify as 'confidential commercial information'" under Rule 26.). Perhaps a list of defendant's buyers of GRAMMY Awards tickets is akin to a customer list and a list of defendant's sources of GRAMMY Awards tickets is akin to a vendor list; but, as discussed herein, defendant has not met its burden to show either list, or any other information, should be protected as either a "trade secret" or "confidential ... commercial information."

5. Fed.R.Civ.P. 33(a)(2) provides "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete,

or until a pretrial conference or some other time." As one district court has noted:

[T]he phrase "contention interrogatory" is used imprecisely to refer to many different kinds of questions. Some people would classify as a contention interrogatory any question that asks another party to indicate what it contends.... Another kind of question ... asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention.

*In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D.Cal.1985).

licensing information, and none of this information, by definition, is confidential or subject to protection under Rule 26(c)(1)(G). *See,* e.g., *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 1002, 104 S.Ct. 2862, 2872, 81 L.Ed.2d 815 (1984) ("Information that is public knowledge or that is generally known in an industry cannot be a trade secret."); *In re ULLICO Litig.,* 237 F.R.D. 314, 317–18 (D.D.C.2006) (documents available on party's website and similar documents are "obviously non-confidential, publically accessible documents" not within the scope of documents protected as confidential under Rule 26); *United States v. Int'l Bus. Mach. Corp.,* 67 F.R.D. 39, 40 (S.D.N.Y.1975) (denying protective order when information had already been made public). Thus, plaintiff's motion to compel responses to Interrogatory nos. 1–2 and 14 and Request nos. 3–5 and 19 should be granted.

■ Finally, defendant has not presented any declarations from its officers or employees supporting its claim that the information sought in the remaining interrogatories and document requests is a "trade secret" or "confidential ... commercial information" and that defendant has taken reasonable steps to assure the confidentiality of this information and to prevent its disclosure to third parties. *Hill v. Eddie Bauer,* 242 F.R.D. 556, 561–62 (C.D.Cal.2007); *see also Ruckelshaus,* 467 U.S. at 1002, 104 S.Ct. at 2872 ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished."); *Centurion Indus., Inc.,* 665 F.2d at 325 ("To resist discovery under Rule 26[ ], a person must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." (citation omitted)); *Creative Gifts, Inc. v. UFO,* 183 F.R.D. 568, 571 (D.N.M.1998) (conclusory arguments insufficient to establish requested documents are trade secrets and meritorious of confidential status and protection). Without any declarations to support its confidentiality claim, the Court cannot simply assume defendant keeps this information confidential. Thus, defendant has not met its burden to show information responsive to the remaining interrogatories and document requests—Interrogatory nos. 3–12 and Request nos. 1–2 and 6–18—are trade secrets or "confidential ... commercial information" and defendant must respond to this discovery.

Moreover, if defendant truly believes it has confidential information that should be protected by a protective order, it should have entered into a stipulated protective order or filed a motion for a protective order before the date by which it was to produce responsive documents. *Hill,* 242 F.R.D. at 562; *see also DIRECTV, Inc. v. Puccinelli,* 224 F.R.D. 677, 690 (D.Kan.2004) (rejecting party's objection to request on confidential information ground when party had neither moved for protective order nor established documents contain confidential information or that disclosure would injury party or any other entity). Defendant did not enter into a protective order, despite being afforded the opportunity to do so by plaintiff. *See* Declaration of Robert Horn ¶ 13.

## ORDER

1. Plaintiff's motion to compel responses to Interrogatory nos. 1–15 IS GRANTED, and defendant should provide such responses without objection to plaintiff by February 26, 2009, at 4:00 p.m. PST, or, at the latest, March 6, 2009. In the event defendant's interrogatory responses are not provided to plaintiff before plaintiff takes defendant's Rule 30(b)(6) deposition on February 27, 2009, plaintiff may ask the interrogatories as questions of the witness at the Rule 30(b)(6) deposition and the witness shall answer the questions without objection.

2. Plaintiff's motion to compel documents responsive to Request nos. 1–26 IS GRANTED, and defendant shall provide those documents to plaintiff no later than February 26, 2009, at 4:00 p.m. PST. However, defendant may redact from the responsive documents the following information about the buyers of GRAMMY Awards tickets: name, address and other personal information; and credit card or check information.